LOUISE M. TUNNICLIFFE, BY HER NEXT FRIEND, V. THE
BAY CITIES CONSOLIDATED RAILWAY COMPANY.

*Married woman—Personal injuries—Damages—Loss of time—Mis--
carriage—Negligence—Instructions to jury.*

1. In a personal injury case prosecuted by a married woman, the
plaintiff was permitted to testify, against objection, that.
before receiving the injury complained of she had painted
pictures for profit, and was able to earn a certain sum per
week, and that by reason of the injury she was rendered
unable to do that kind of work. And it is held that the hus-
band is, *prima facie*, entitled to the earnings of his wife, and
that it was error to admit the testimony, and permit a recov-
ery for the impairment of plaintiff's ability to earn money.

2. The plaintiff contended that as she was a minor, and prose-
cuted the suit by her husband as her next friend, he
would be estopped by the verdict from bringing suit there-
after to recover for such services, and hence no injury could
have been done the defendant. It appeared, however, that,
after the objectionable testimony had been given, a question
on the same line was put to another witness, which was
objected to, and the court said: "I think the husband is
entitled to the wages. I guess there is no use going into that
in this case at all." And it is held that, after this statement,
the defendant's counsel could not be expected to meet such
proofs as had crept in on the subject; that the subsequent
charge of the court to the effect that, if the plaintiff was
entitled to recover, she was entitled to the value of her time,
etc., was not only erroneous as matter of law, but, given as
it was, after said statement by the court, which cut off
proofs on the part of the defendant, was based upon a nec-
essarily *ex parte* showing.

3. The testimony in a personal injury case brought by a married
woman tended to show that one of the results of the injury
was a miscarriage. The court instructed the jury that they
might, if they found a verdict for the plaintiff, give as a part
of her damages what they should find the society, enjoyment,
and prospective services of the child were reasonably worth.
And it is held that the charge was clearly erroneous; that
there was, of course, no proof in the case as to the prospective

earnings of the child, even if the mother would be the proper person to recover for such loss; that the loss of the child's society would not be a proper element of damages; that while the jury are allowed to consider the case with all its facts, and to take into account, for the purpose of compensation, not only the physical pain, but also mental suffering, in determining the award of damages, and while, of necessity, this involves, to some extent, a consideration of the nature of the injury, and cannot exclude from the consideration of the jury the fact that the physical and mental suffering of the mother by reason of such an injury would be more intense than in the case of the ordinary fracture of a limb, yet beyond this it would not be competent for the jury to go, and attempt to compensate for the sorrow and grieving.

4. In a personal injury case against a street-railway company, the declaration averred that, in the rear platform of the car from which plaintiff was attempting to alight at the time she received the injury complained of, the defendant had negligently placed and permitted to remain an iron bolt, which projected above said platform a specified distance; that while plaintiff was passing out of said car, and onto and over said platform, for the purpose of alighting therefrom, and was stepping from the platform of said car to the steps thereof, said car being stationary, the defendant negligently caused said car to be suddenly started and moved forward, by means whereof plaintiff was thrown down and against said car, and down and upon the platform thereof, and down and upon and against the steps of said car, and her dress skirt or skirts caught on said bolt, and she was held fast to and against said car and platform and steps, and partially upon the ground, and was so held, dragged, and carried along by the motion of said car, and injured, etc. Plaintiff's testimony was to the effect that she was in the act of stepping off the car when it started, and was thrown backward, and her clothing caught; that she took it for granted that her clothes were caught; that she did not know in what; that she could not see, but in her struggle she threw her arm behind her, and, as she did so, her hand came down on something that projected from the platform; that she pulled her skirt, and a bolt came out from the platform. On cross-examination she testified that she should think the bolt had no part in throwing her down, aside from the jerking of the car. The defendant contended that there was no room under this testimony for the jury to find that plaintiff's clothing caught on the bolt before she was thrown backward. And it is held that this is too narrow a construction of the testi-

mony; that it appears from the charge of the court that defendant contended before the jury that plaintiff's story was unreasonable, and that the injury could not have occurred in the manner supposed by her; that the jury had a right to construe the facts, and if, in their judgment, it was more reasonable to suppose that plaintiff's clothing caught upon the bolt without her knowledge before the car started, and threw her to the ground, it cannot be said that the circumstances of the case did not furnish a justification for that inference.

Error to Bay. (Maxwell, J.) Argued October 11, 1894. Decided December 7, 1894.

Case. Defendant brings error. Reversed. The facts are stated in the opinion.

*T. A. E. & J. C. Weadock*, for appellant.

*James Van Kleeck*, for plaintiff.

MONTGOMERY, J. Plaintiff is a married woman and a minor. She sues by her next friend to recover for personal injuries received while attempting to alight from a car of the defendant. Plaintiff recovered, and defendant brings error. The negligence alleged was that—

"While plaintiff, with the consent and permission of said defendant, with due care and diligence on her part, was passing out of said car, and onto and over the rear platform of the same, for the purpose of alighting therefrom and leaving said car, and was stepping from the platform of said car to the steps thereof, said car being then and there stationary, said defendant carelessly and negligently caused said car, from which she was then departing and stepping off, to be violently and suddenly started, jerked, and moved forward, by means whereof this plaintiff, while in the exercise of proper care and diligence on her part, was thrown down and against said car, and down and upon the platform thereof, and down and upon and against the steps of said car, and her dress skirt or skirts caught on said bolt, so negligently put, placed, and permitted to be and remain in said platform by said defendant as aforesaid, and she was held fast to and against said car, and to and against the platform of

said car, and to and against the steps thereof, and partially upon the ground, and was so held, dragged, and carried along by the motion of said car," etc.

The declaration had previously alleged that defendant had "carelessly and negligently placed, and permitted to be and remain, an iron bolt, extending and projecting above the rear platform, to wit, five inches."

1. In the course of the charge to the jury, the circuit judge asked for suggestions from counsel. Defendant's counsel thereupon asked the court to charge that the plaintiff could not recover under any circumstances by reason of the location of the bolt or pedal, and called attention to a portion of the charge of the court as follows: "I do not understand that it is seriously contended by the defendant if the accident happened because of this bolt remaining in an improper place during the journey, to endanger women getting off the car, but what the company is liable,"—and asked that it be modified. The plaintiff's testimony was to the effect that she was in the act of stepping off the car when it started, and that she was thrown backward, and her clothing caught. She further testified:

"I took it for granted that my clothes were caught; I didn't know in what. I could not see, but in my struggle I threw my arm behind me, and, as I did so, my hand came down on something that projected from the platform, and I pulled my skirt, and a bolt came out from the platform."

On cross-examination she testified:

"I should think the bolt had no part in throwing me down, aside from the jerking of the car."

It is claimed by the defendant that there was no room under this testimony for the jury to find that plaintiff's clothing was caught before she was thrown backward. But we think this construction of the testimony is too narrow. It would appear from the charge of the court

that defendant had contended before the jury that plaintiff's story was unreasonable, and that the injury could not have occurred in the manner supposed by plaintiff. The jury had a right to construe the facts, and if, in their judgment, it was more reasonable to suppose that her clothing had been caught upon the bolt without her knowledge before the car started, and threw her to the ground, we cannot say that the circumstances of the case did not furnish a justification for that inference.

2. On the trial the plaintiff was permitted, against the defendant's objection, to testify that before the injury she had painted for profit, and was able to earn $5 to $10 and $15 per week, and that by the injury she was rendered unable to do this kind of work. The court charged the jury upon the subject of damages as follows:

"She is entitled to recover, in case you so determine from the evidence,—she is entitled, first, to the value of her time. Whatever it was worth a month or a week, you will give it to her, if you come to that conclusion, as I said before."

It was error to admit this testimony, and permit a recovery for the impairment of the plaintiff's ability to earn money. The husband is, *prima facie*, entitled to the earnings of the wife. *Hicks v. McLachlan*, 94 Mich. 282.

But it is contended in the present case that, as the husband was a party to the proceedings as next friend to the plaintiff, he would be estopped by the verdict from bringing suit hereafter to recover these damages, and hence that no injury could have been done defendant; and *Baker v. Railroad Co.*, 91 Mich. 298, is cited as sustaining this contention. The case cited fully recognizes that the objection as made in a suit prosecuted by the next friend is good; but it was held in that case that inasmuch as such testimony was admitted, and as plaintiff *actually received payment* upon the judgment in his capac-

ity as next friend, he ought not to be permitted to recover it again in his individual capacity. In the present case, the defendant, upon making the objection, had no reason to apprehend that the plaintiff expected to claim a recovery for any damages not within the issue; and particularly was this true under the circumstances of this case, as it appears conclusively that the defendant could not have understood that it was necessary to offer any proof to meet the plaintiff's testimony, for, after the plaintiff's testimony, above quoted, had been given, a question was put to another witness on the same line, which was objected to, and the court said:

"I think the husband is entitled to the wages. I guess there is no use going into that in this case at all."

After this, certainly, the defendant's counsel could not be expected to meet such proofs as had crept in on this subject; and the subsequent charge, above quoted, was not only erroneous as matter of law, but, given as it was, after the previous intimation which cut off proofs on the part of the defendant, was based upon a necessarily *ex parte* showing.

3. The testimony tended to show that one of the results of the injury to plaintiff was a miscarriage. The court charged the jury as follows:

"As to this child, if the plaintiff lost a child by reason of the liability of the defendant in this case, you may give damage for it. The society, enjoyment, and prospective services of the child is a recognized element in that regard, and you may give what it is reasonably worth."

This charge was clearly erroneous. There was, of course, no proof in the case as to the prospective earnings of the child, even if the mother would be the proper person to recover for such loss. Nor would the loss of the child's society be a proper element of damages. While the jury are allowed to consider the case with all its facts, and to

take into account, for the purpose of compensation, not only the physical pain, but also mental suffering, in determining the award of damages, and while, of necessity, this involves to some extent a consideration of the nature of the injury, and cannot exclude from the consideration of the jury the fact that the physical and mental suffering of the mother by reason of such an injury would be more intense than in the case of the ordinary fracture of a limb, yet beyond this it would not be competent for the jury to go, and to attempt to compensate for the sorrow and grieving of the mother. As was said in *Bovee v. Town of Danville,* 53 Vt. 183:

"If the violence done her person resulted in the miscarriage, the miscarriage was a legitimate result of such negligence. Any physical or mental suffering attending the miscarriage is a part of it, and a proper subject of compensation. But the rule goes no further. Any injured feelings *following* the miscarriage, not part of the pain *naturally attending* it, are too remote to be considered an element of damage. If the plaintiff lamented the loss of her offspring, such grief involves too much an element of sentiment to be left to the conjecture and caprice of a jury. If, like Rachael, she wept for her children, and *would not* be comforted, a question of *continuing* damage is presented, too delicate to be weighed by any scales which the law has yet invented."

The only case which we have found which is in seeming conflict with this is that of *Smith v. Overby,* 30 Ga. 241; but the supreme court of that state, in the later case of *Railroad Co. v. Randall,* 85 Ga. 297, in treating of a charge which permitted of a recovery for the pain, suffering, or *sorrow* resulting from miscarriage, said:

"We would suggest that the word 'sorrow' be omitted from the charge of the court on the next trial. It is most too remote to be considered an element of damage, unless it is that sorrow which accompanies the actual injury, and is suffered at the time of the miscarriage. The loss of a child by a miscarriage would affect women

so differently that it would be hard for *men*, sitting as jurors, to estimate it as an element of damage; and we therefore think it would be better to omit in the future any instruction to the jury upon the question of sorrow as an element of damage. Pain and suffering give a wide latitude to juries, and there are very few complaints made of the smallness of the amounts found by juries upon these two elements of damage,"—citing the case of *Bovee v. Town of Danville*, above cited. See, also, 5 Amer. & Eng. Enc. Law, 42.

Numerous other questions are discussed in the briefs of counsel, but we think it unnecessary to consider them at length. Those relating to the expressions of pain and complaints of present suffering are within the previous rulings of this Court. See *Girard v. City of Kalamazoo*, 92 Mich. 610; *Lucas v. Railway Co.*, 92 Id. 412, and cases cited. None of the other questions are likely to arise on a new trial.

For the errors pointed out, the judgment will be reversed, with costs, and a new trial ordered.

McGRATH, C. J., LONG and HOOKER, JJ., concurred. GRANT, J., did not sit.