## ANNIE HAUPT v. PETER SWENSON, Appellant.

**Assault:** DAMAGES: EVIDENCE. In an action for simple assault committed on a pregnant woman, evidence of the physical condition of the child subsequently born was incompetent in the absence of a showing that its condition was the result of the assault, and also because there was no issue under which a recovery for the child's disability could be had.

**Damages:** MENTAL SUFFERING. A recovery of damages for mental suffering resulting from an assault upon a pregnant woman, is confined to such as result from the direct assault upon the woman, independent of injury to the child.

**Criminal assault.** To constitute a criminal assault, there must be evidence of an attempt or endeavor to do violence.

*Appeal from Wright District Court.*— HON. J. R. WHITAKER, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

SUIT to recover damages for a simple assault. There was a trial to a jury, and a verdict and judgment for the plaintiff. The defendant appeals.— *Reversed.*

*Birdsall & Birdsall,* and *C. F. Peterson,* for appellant.

*John D. Denison, Jr.,* for appellee.

SHERWIN, J.— No physical violence was inflicted upon the plaintiff, and the action is based solely upon fright and prostration caused by the defendant's acts. The plaintiff was pregnant at the time of the alleged assault with a child which was afterwards born in due season and in a normal condition. Upon her examination in chief she was permitted to testify, over the defendant's objection, that the child was then poor, small and nervous, and had grown but

little since it was born. This evidence was clearly incompetent and improper, and was as clearly prejudicial to the defendant. In the first place, there was no evidence tending to show that the then condition of the child was the result of the defendant's acts or of the plaintiff's fright. In the second place, there was no issue in the case under which the plaintiff could recover for the disability of the child, even if it be admitted that the appellant is responsible therefor and the plaintiff entitled to recover on account thereof.

Furthermore, the damages which the plaintiff may recover for mental suffering are such only as are the direct result of the assault upon her apart from any alleged injury to the child. *Tunnicliffe v. Bay Cities Ry. Co.*, 102 Mich. 624 (61 N. W. Rep. 11, 32 L. R. A. 142); *Bovee v. Town of Danville*, 53 Vt. 183.

Complaint is made of the court's definition of an assault. The jury was told that an unlawful assault " is a menace by words or acts threatening violence to the person of another, coupled with the means, ability, and intent immediately to commit the violence threatened." The criticism of the instruction is that it omitted to state that there must be an attempt or endeavor to carry out the threats. We think it true that to constitute a criminal assault, there must be some evidence of an attempt or endeavor to do violence to the person. *State v. Malcolm*, 8 Iowa, 413; *Irlbeck v. Bierl*, 101 Iowa, 240. If the rule were otherwise, mere violent and abusive language or threats accompanied by violent gestures would be an assault whether there was an apparent intention of carrying out the threats or not. There was at least evidence of an apparent intention to carry out the threats in this case, which would in law amount to an assault, and we would hesitate to reverse the case because of the instruction. We make these suggestions, however, as a guide to the court if the case shall be again tried.

For the error indicated, the judgment is *reversed*.