HOSTY, APPELLANT, v. MOULTON WATER CO. ET AL., RE-
SPONDENTS.

(No. 2,681.)

(Submitted June 15, 1909.   Decided June 28, 1909.)

[102 Pac. 568.]

*Personal Injuries—Complaint—Uncertainty—Nature of Injuries
—Demurrer — Women — Miscarriage—"Injured Feelings"—
Not Element of Damage.*

Personal Injuries—Complaint—Uncertainty—Nature of Injuries—Demur-
rer.
1.   A special demurrer to the complaint in a personal injury action,
which alleged that by reason of defendant city water company's negli-
gence in shutting off the water from a tank connected with plaintiff's
stove without her knowledge, an explosion occurred, and plaintiff was
so injured and mentally disturbed thereby. that being with child,
she lost the same, and became very sick, and on account thereof
suffered great pain and injury, etc., was properly sustained.   It was
impossible to tell from the pleading whether the grievances com-
plained of were the result of physical injury and mental disturbance,
or of mental disturbance alone.

Same—Women—Miscarriage—"Injured Feelings"—Not Element of Dam-
age.
2.   While a woman who suffers a miscarriage as a result of physical
injury may recover for any mental or physical suffering attendant upon
the miscarriage, injured feelings following the miscarriage, not a part
of the pain naturally attending it, are too remote to be considered
an element of damage.

*Appeal from District Court, Silver Bow County; Geo. M.
Bourquin, Judge.*

ACTION by Catherine Hosty against the Moulton Water Com-
pany and others.   Judgment for defendants, and plaintiff ap-
peals.   Modified and affirmed.

*Messrs. Breen & Hogevoll,* for Appellant.

*Messrs. Forbis & Evans,* for Respondents.

MR. JUSTICE SMITH delivered the opinion.of the court.

The complaint in this action reads, in part, as follows: "That
on or about the first day of July, 1908, the said corporations and

the said Carroll was the master and the said Miles was the servant of the said masters, and was on the said date employed by them for the purpose, among other things, to shut off water. That the said defendants are operating a water plant in Walkerville, county of Silver Bow, state of Montana, where the plaintiff resided on said date. The said defendants had on the said date connected their water plant with a certain tank in the kitchen of this plaintiff, which said water-tank was then and there to the knowledge of all of the said defendants connected with a certain stove then used by this plaintiff, among other things, for the purpose of heating water. That the said defendants either knew, or by the exercise of ordinary care ought to have known, that by shutting off the water that came into the said tank from their reservoir the said water would be converted into steam and would be likely to explode in the said steam and injure this plaintiff or other persons that might be near. That, notwithstanding such facts, the said defendants by their agent or servant or foreman, the said Henry Miles, caused the water to be shut off in the pipes that connected their said reservoir with the said tank, and no one notified this plaintiff at all, and the plaintiff did not know that the water was shut off. By reason of want of notice, and by reason of the said shutting off of the water, the said tank exploded and thereby so injured and mentally disturbed this plaintiff that she, being then and there pregnant with child, lost the same, she became very sick, and has on account thereof suffered great pain and injury, all to her damage in the sum of $25,000. No part thereof has ever been paid."

The defendants filed a general demurrer to the complaint and also a special demurrer. The grounds of the latter were: "(2) The said complaint is uncertain in the following particulars: (a) It is not certain, and cannot be ascertained from the allegations of said complaint, whether the injuries complained of were the result of physical injury or mental suffering and disturbance, or both. (b) That the extent or character of plaintiff's physical injury, if any, is not stated. (c) That the extent

or character of mental disturbance is not stated, in that it is not shown or alleged how the same occurred, whether from sound, the flowing of water, or escape of steam, or other causes; neither is it alleged or shown in what proximity was the plaintiff to the boiler when it exploded. (d) It is not shown or alleged when the sickness or injuries complained of occurred with reference to the time of explosion, and therefore not shown whether the same resulted from the explosion. (3) The said complaint is ambiguous for the same reasons assigned for its uncertainty. (4) The said complaint is unintelligible for the same reasons assigned for its uncertainty." The court sustained the demurrers, whereupon plaintiff announced that she did not care to amend and would stand upon her demurrer (complaint). The court then ordered judgment against the plaintiff "upon the merits" and entered a judgment dismissing the complaint, with costs to the defendants. Plaintiff appeals from the judgment.

The special demurrer was properly sustained. It is impossible to tell from the complaint whether the grievances complained of were the result of physical injury and mental disturbance, or of mental disturbance alone. If we should hold that there is no allegation of physical injury, and that therefore no cause of action is stated, the plaintiff might well claim that the complaint does allege physical injuries, and therefore states a cause of action regardless of the allegation of mental disturbance. On the other hand, if we should hold that the complaint alleges physical injuries, then the question whether plaintiff can recover for the results of mental shock alone would not, as a matter of pleading, be in the case. And, as was said in the case of *Lynch* v. *Great Northern Ry Co.,* 38 Mont. 511, 100 Pac. 616, we might be forcing upon the plaintiff a cause of action to which she makes no claim, and the special demurrer would still remain undisposed of, for the reason that that portion thereof relating to the extent of plaintiff's physical injuries, if she suffered any, should have been sustained in any event. Such injuries should be described with reasonable certainty.

It is manifest, from the wording of the judgment, that the trial court sustained both demurrers and passed upon the merits

of plaintiff's claim; but we do not do so, because the complaint is so ambiguous, unintelligible, and uncertain that, if we attempt it, we may do injustice to one or the other of the parties. The right was with the defendants of having the plaintiff allege specifically whether she claimed damages as the result of physical injuries and mental disturbance, or the latter alone, so that they might prepare for trial. They had a right, also, if the loss of the child was the result of mental disturbance alone, or if the mental disturbance was occasioned by the loss of the child, to have those facts alleged, to the end that they might raise the question of their liability by general demurrer, if they so elected. They exercised this right by filing their special demurrer. As was said by the supreme court of Vermont, in *Bovee* v. *Danville*, 53 Vt. 183: "The plaintiff was entitled to recover all damages that were naturally and legitimately consequent upon the negligence of the town. If the violence done her person resulted in the miscarriage, the miscarriage was a legitimate result of such negligence. Any physical or mental suffering attending the miscarriage is a part of it and a proper subject of compensation; but the rule goes no further. Any injured feelings following the miscarriage, not part of the pain naturally attending it, are too remote to be considered an element of damage. If the plaintiff lamented the loss of her offspring, such grief involves too much an element of sentiment to be left to the conjecture and caprice of a jury. If, like Rachael, 'she wept for her children and would not be comforted,' a question of continuing damage is presented, too delicate to be weighed by any scales which the law has yet invented."

The plaintiff should make a statement of the facts constituting her alleged cause of action in ordinary and concise language. (Revised Codes, sec. 6532.)

As we cannot reach the ultimate question decided by the district court, the words "on the merits" are stricken from the judgment, and as so modified it is affirmed.

*Modified and affirmed.*

Mr. CHIEF JUSTICE BRANTLY and Mr. JUSTICE HOLLOWAY concur.