Motion to dismiss appeal denied September 19, 1916.
Argued on the merits March 12, reversed and remanded March 26, rehearing denied April 9, 1918.

# WALLACE v. PORTLAND RY., L. & P. CO.

### (159 Pac. 974; 170 Pac. 283.)

**Appeal and Error—Perfection of Record—Briefs—Failure to File—Excuses.**

1. That indictments have been returned against plaintiff and her witness, for subornation of perjury and perjury, respectively, and that proceedings were had to set aside the judgment on that ground, is sufficient excuse for failure of defendant's counsel to file briefs on appeal within the time allowed.

**Courts—Jurisdiction—Supreme Court.**

2. The original jurisdiction of the Supreme Court is confined to *mandamus, quo warranto* and *habeas corpus* under Article VII, Section 2, of the Constitution, and its further jurisdiction is confined by Section 548, L. O. L., to matters of appeal; hence an original motion to set aside a judgment substantially identical with one denied by the Circuit Court but not appealed from, cannot be entertained.

**Judgment—Equitable Relief—"Fraud Collateral to Issue."**

3. The production of perjured testimony does not constitute fraud collateral to the issue causing wrongful result warranting the setting aside of a judgment by another and original suit.

**Appeal and Error—Review—Discretion—Setting Aside Judgment.**

4. While under Section 103, L. O. L., the court in its discretion may relieve a party from a judgment taken against him through mistake, inadvertence, surprise or excusable neglect, the action of the trial court will not be reviewed except for plain abuse.

**New Trial—Motion for—Time of Making.**

5. Where a motion is substantially one for new trial and is filed long after the time provided therefor by statute had elapsed, it is unavailing.

**Appeal and Error—Denial of New Trial.**

6. No appeal lies from the denial of a motion for new trial.

**Judgment—Perjury.**

7. The perjury of a witness is not ground for setting aside a judgment on appeal or otherwise.

**Damages—Injury Causing Miscarriage.**

8. In an action against a carrier for an accident resulting in a miscarriage, the effect on the plaintiff, the mother, alone is to be considered, and no recompense will be allowed for loss of anticipated offspring.

Appeal and Error—Review—Change of Theory—Evidence.

9. Plaintiff, having urged the testimony of a witness for a specific purpose before the trial court cannot disclaim that theory on appeal, and urge that the evidence was proper for another purpose.

Trial—Offer of Evidence.

10. In an action by a passenger against a carrier for injuries resulting in a miscarriage, the rejection of testimony that plaintiff and her husband stated prior to the accident that they contemplated an operation on plaintiff without offer to phone, performing of operation and connection with injury was not error.

From Multnomah: HENRY E. McGINN, Judge.

Denied September 19, 1916.

MOTION TO DISMISS.

(159 Pac. 974; 170 Pac. 283.)

*Messrs. Asher & Johnstone,* for the motion.

*Mr. Frank J. Lonergan* and *Messrs. Griffith, Leiter & Allen, contra.*

Opinion PER CURIAM. 1. The plaintiff, on September 17, 1915, obtained a judgment against the defendant, from which it perfected an appeal within 60 days. Several extensions of time in which to file a brief were granted the defendant's counsel; the last enlargement expiring June 10, 1916. Fourteen days thereafter the plaintiff's counsel moved to dismiss the appeal on the ground that no brief had then been filed by the appellant. Many affidavits made on behalf of the respective parties have been filed. From these sworn statements it appears that an indictment had been returned against one of the plaintiff's witnesses for perjury alleged to have been committed at the trial of this action and against the plaintiff for subornation of perjury. Based upon these charges the defendant's counsel moved in the lower court to set aside the judgment, which motion was denied. Thereafter the defendant's brief was filed in this court. The subsequent proceed-

ings against the plaintiff and her witness were so un-
usual as to excuse the neglect of defendant's counsel in
failing to comply with the rules of this court as to the
filing of the brief.

For this reason the motion to dismiss the appeal
is denied, and the filing of the brief is approved as of
this date.                                    MOTION DENIED.

Reversed and remanded March 26, 1918.

## ON THE MERITS.

### (170 Pac. 283.)

Department 1.   The plaintiff, a married woman,
alleging herself to have been six months advanced in
pregnancy, avers in substance that she was a passen-
ger on one of the defendant's street-cars and gave
timely warning that she desired to get off at her usual
place; that when the car arrived there it stopped and
while she was in the act of alighting the defendant by
its servants in charge thereof started the car sud-
denly whereby she was thrown with great force upon
the pavement, sustaining sundry hurts; and that

"as a result of said injuries plaintiff suffered a mis-
carriage of the child with which she was then pregnant,
thereby losing the life of said child she was then and
there bearing."

She recites various expenses which she was com-
pelled to incur to her special damage and concludes
her statement on that subject with this language:

"That by reason of said pain, nervous shock and
internal injuries, general impairment of health, and
the loss of her child, of which she was at the time of the
infliction of said injuries pregnant, plaintiff was dam-
aged" in a sum mentioned.

The answer denies all the allegations of the com-
plaint except the corporate existence of the defendant

and avers in substance that on the occasion mentioned by the plaintiff she undertook to get off the car while it was still in motion and that her action in that respect was negligent and was a direct cause of her injury. This is denied by the reply.

In the abstract of record there are but two assignments of error, the first of which reads thus:

"Q. (By Plaintiff's Counsel:) Doctor, when the fetus was discharging at the time of the miscarriage when Mrs. Wallace was in the hospital, was it possible to determine the sex of the infant?

"A. Yes, it was a male.

"Mr. Lonergan: Now, just a moment. I move to strike that out on the ground that it is incompetent, irrelevant and immaterial.

"Mr. Johnstone: It may be very material to the mother with regard to loss of service.

"The Court: Mr. Reporter, read me the question and answer."

Question and answer read.

"The Court: It can do no harm. It may remain. The motion is denied.

"Mr. Lonergan: Save an exception, if your Honor please.

"The Court: Yes."

The second specification of error is the refusal of the court to allow Mrs. Wright, a witness called for the defendant, to answer whether or not she was told by the plaintiff and her husband, prior to the occurrence of the accident, that they were contemplating an operation upon the plaintiff. The defendant appealed from a judgment in favor of the plaintiff as a result of a jury trial of the action. After its perfection of the appeal and the deposit in this court of the transcript, the defendant filed here a motion to set aside the judgment obtained in the action in favor of

the plaintiff and against the defendant and supported it by affidavits to the effect that the only witness who testified directly to the fact that the car stopped and that the plaintiff was thrown to the pavement and injured by a sudden starting of the car before she had time to alight, had confessed that he had committed perjury in so testifying. This was combated by *ex parte* affidavits on the part of the plaintiff. There has accumulated since then a number of affidavits on both sides to the effect that the grand jury of Multnomah County indicted the witness for his confessed perjury and also in the same manner accused the plaintiff, her husband and a third party of the crime of subornation of that perjury; that the witness himself and the third party mentioned pleaded guilty; that when the case of the plaintiff's husband was called for trial and the jury had been impaneled, the trial judge, of his own volition, directed the jury to return a verdict of not guilty without having heard any testimony whatever in the case; further, that he called up the cases of the witness and the third party spoken of, directed their pleas of guilty to be withdrawn and pleas of not guilty to be substituted and peremptorily dismissed both those criminal actions. Much is said in the affidavits for the defendant about the "indisposition of the judge" as the cause of such an arbitrary disposition of the indictments. It appears in all this mass of papers that a similar motion was made in the Circuit Court, but long after the time for filing a motion for a new trial had elapsed and that it had been denied there.

REVERSED.   REMANDED FOR NEW TRIAL.

For appellant there was a brief over the name of *Mr. Frank J. Lonergan* and *Messrs. Griffith, Leiter & Allen,* with an oral argument by *Mr. Lonergan.*

For respondent there was a brief over the name of *Messrs. Asher & Johnstone,* with an oral argument by *Mr. Hamilton Johnstone.*

BURNETT, J.—2, 3. We must remember that this is an appellate court with the exception only that in our discretion we may take original jurisdiction in *mandamus, quo warranto* and *habeas corpus* proceedings: Article VII, Section 2, Oregon Const. It is said in Section 548, L. O. L., treating of appeals, that ".a judgment or decree may be reviewed as prescribed in this chapter, and not otherwise." No appeal has been taken from the action of the Circuit Court denying the motion substantially identical in terms with the one filed before us. The action of the Circuit Court on that motion is not presented here for review. We cannot entertain such an original motion. It is true that in proper cases a judgment of any court may be set aside for fraud collateral to the issues of the case which worked out a wrongful result to the detriment of the parties seeking to overturn the decision; but it must be done in that instance by an original suit. The production of perjured testimony does not constitute fraud collateral to the issue: *Friese* v. *Hummel,* 26 Or. 145, 37 Or. 458 (46 Am. St. Rep. 610). The necessary issues cannot be framed and tried here upon *ex parte* affidavits.

4–7. It is specified in Section 103, L. O. L., that a court may also—

"in its discretion, and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect."

Conceding for the moment that the defendant was surprised by the afterward discovered perjury of the

witness in question, yet in the plain terms of the statute just quoted it rests in the discretion of the court before whom the case was tried to set aside the judgment or not; and it is hornbook law that the discretion of the court in such cases will not be reviewed unless there is a plain abuse of it. Hence we cannot give attention to the action of the Circuit Court on the motion before it, first, because there has been no appeal from its decision in that respect; also that it is a discretionary order and is not reviewable except for abuse of the court's discretion; further that the motion is substantially one for a new trial and was filed long after the time had elapsed as provided by the statute in which to interpose such a motion; and lastly that no appeal lies from the denial of a motion for a new trial: *Macartney v. Shipherd,* 60 Or. 133 (117 Pac. 814, Ann. Cas. 1913D, 1257). That perjury of a witness is not ground for setting aside a judgment on appeal or otherwise is held in *Friese v. Hummel,* 26 Or. 145 (37 Pac. 458, 46 Am. St. Rep. 610); *State v. Gardner,* 33 Or. 149, 152 (54 Pac. 809); *Orr v. Orr,* 75 Or. 137 (144 Pac. 753, 146 Pac. 964). The reason is that it would call for a new examination of the precise issue determined in the first instance with the result that no one could say that a final judgment would ever be the end of litigation. The very presence of an issue of fact is notice to both parties that witnesses will probably contradict each other and that the party holding the affirmative must establish it by a preponderance of the testimony. Thus they are forewarned of possible perjury and cannot claim that they have been surprised in the sense contemplated by the statute.

8. Considering the first assignment of error, the theory of the plaintiff advanced in support of the testi-

mony concerning the sex of the child and the state of advancement of the fetal life was that it was "material to the mother with regard to loss of service." This was referable to the allegation of the complaint about the loss of the child and the predication of damages thereon. No question is made and there can be none but that a plaintiff, a pregnant woman, may recover for the pain and injury, both physical and mental, experienced by her from a miscarriage brought about by the negligent act of a defendant. She is entitled to have nature in such cases work out its proper function in due time. Any disturbance of the period or process of gestation resulting in her injury is actionable. It is only, however, for the injury to her that she can recover. She has no action for the loss of the child. The injury, if any, is too remote and speculative to form a basis for damages. The principle is succinctly stated in the closing paragraph of a note to *Tunnicliffe* v. *Bay Cities Consolidated R. R. Co.* (Mich.), 32 L. R. A. 142, thus:

"The review of the decisions shows that they are in almost entire harmony in holding that miscarriage may be one of the effects of wrong for which recovery may be had. They also show that the effect on the mother alone is to be considered, and recovery for miscarriage allowed only so far as it is part of her personal injuries, not including any recompense for loss of anticipated offspring."

9. The doctrine is taught also in *Haupt* v. *Swenson,* 125 Iowa, 694 (101 N. W. 520); *Prescott* v. *Robinson,* 74 N. H. 460 (69 Atl. 522, 124 Am. St. Rep. 987, 17 L. R. A. (N. S.) 594); *Big Sandy & C. R. Co.* v. *Blankenship,* 133 Ky. 438 (118 S. W. 316, 19 Ann. Cas. 264, 23 L. R. A. (N. S.) 345); *Finer* v. *Nichols,* 158 Mo. App. 539 (138 S. W. 889); *Bovee* v. *Danville,* 53 Vt. 183, 186; *Western Union Tel. Co.* v. *Cooper,* 71 Tex. 507

(9 S. W. 598, 10 Am. St. Rep. 772, 1 L. R. A. 728);
*Witrak* v. *Nassau Elec. R. Co.,* 52 App. Div. 234 (65
N. Y. Supp. 257); *Morris* v. *St. Paul City R. Co.,* 105
Minn. 276 (117 N. W. 500, 17 L. R. A. (N. S.) 598);
*Hosty* v. *Moulton Water Co.,* 39 Mont. 310 (102 Pac.
568). The plaintiff having assumed before the trial
court the attitude of one urging that the testimony
of the witness was offered and proper for the purpose
of showing loss of service of the unborn child, she
cannot disclaim that theory on appeal and urge that
the evidence was proper for another purpose. In other
words, she cannot mend her hold in this court but must
be held to the scheme adopted by her at the trial:
*Stewart* v. *Mann,* 85 Or. 68, 77 (165 Pac. 590, 1169).
The foundation for her contention about the declara-
tion of the witness is laid in the allegation of the com-
plaint about the loss of the child. The plaintiff elab-
orated upon that and attempted to support it by the
evidence in question. Having presented the theory to
the court it received the judicial approval at the time
and is perpetuated by the action of the court following
the usual rule laid down by statute in giving to the
jury for their perusal the complaint containing the
allegation. This was material error; and until the
contrary is shown it must be held to be harmful to
the interests of the defendant.

10. The second assignment of error does not help the
defendant. It is true that if it could have shown that
the plaintiff and her husband brought about the mis-
carriage in question by some act of their own it would
have been material to the defense; but the mere ex-
pression of an intention to have an operation per-
formed is of no moment whatever unless followed by
testimony tending to show that the intent was carried
into execution. It does not appear by the record that

there was any effort to supplement the offer by proof of any overt act of plaintiff or her husband committed with a view to produce abortion. The trial judge was clearly right in excluding the proffered testimony.

For the error of allowing the jury to consider testimony offered as stated for the purpose of showing loss of service of the child, the judgment of the Circuit Court is reversed and the cause remanded for a new trial.    REVERSED. REMANDED FOR NEW TRIAL.

REHEARING DENIED.

McBRIDE, C. J., BENSON and HARRIS, JJ., concur.