BURNS *v.* TOWNSHIP OF VAN BUREN.

DAMAGES—EXCESSIVE VERDICT—HUSBAND AND WIFE.

In an action by a husband for damages caused by personal injuries to his wife, a verdict for $800 was not excessive where there was evidence that he expended in excess of $300 for doctors' and hospital bills and other expenses, that he was deprived of her help and companionship while she was in the hospital, and that her efficiency as a housewife has been lessened by her injuries which may be permanent.

Error to Wayne; Goff (John H.), J. Submitted February 2, 1922. (Docket No. 63.) Decided March 30, 1922.

Case by Richard W. Burns against the township of Van Buren for injuries to plaintiff's wife caused by a defective highway. Judgment for plaintiff. Defendant brings error. Affirmed.

*John P. Kirk,* for appellant.

*Hugh M. Edwards* and *George W. Eyster,* for appellee.

MOORE, J. The plaintiff is the husband of Corilla A. Burns. Mrs. Burns brought suit against the defendant to recover damages for injuries she received which were she claims the result of a defective highway. She recovered a judgment of $2,500. Mr. Burns also brought suit and recovered a judgment against the same township in the sum of $800 for the accident. Both cases were brought into this court by writ of error and upon the same record. An opinion was handed down at this term of court in the case of Mrs. Burns. A reference to that opinion

On excessiveness of verdicts in actions for personal injuries other than death, see note in L. R. A. 1915F, 30.

(*ante,* 40) will make a long statement of facts in the instant case unnecessary.

The decision in the case of Mrs. Burns is decisive of all the questions involved in this case except one. Mr. Burns incurred liability for doctors' and hospital bills and other expenses in excess of $300, and it is claimed those items should be the limit of the judgment, and that the judgment of $800 is excessive. This contention ignores the fact that Mr. Burns was deprived of the help and companionship of his wife while she was in the hospital. It also overlooks the fact that there was testimony that Mrs. Burns has received permanent injuries which have made her less efficient as a housewife during the more than three years that have passed since the accident, and that her lessened efficiency is likely to continue in the future. We do not think that upon this record the damages are excessive. See *Berger* v. *Jacobs,* 21 Mich. 215; *Tunnicliffe* v. *Railway Co.,* 102 Mich. 624 (32 L. R. A. 142).

The judgment is affirmed, with costs to the appellee.

FELLOWS, C. J., and WIEST, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.