[No. 3,850.]

## CHRISTIAN COLLEGE *v.* JOHN HENDLEY.

CONSIDERATION THAT WILL SUPPORT A PROMISE.—If a number of persons subscribe to a paper, in which they promise to contribute money for the accomplishment of an object of interest to all, as the erection of a building for a college, and which object cannot be accomplished save by their common performance, their mutual promises constitute mutual obligations, and are a sufficient consideration to support the promise of each.

VARIANCE BETWEEN COMPLAINT AND PROOF.—If the complaint alleges a promise to pay money to a corporation, and the promise proved was made to a committee of a church, there is a fatal variance between the complaint and proof.

COMPLAINT TO RECOVER MONEY SUBSCRIBED.—If subscriptions of money in aid of a college, made to a finance committee, passed by operation of law to a corporation afterwards formed, the complaint, in an action to recover a subscription, should aver that fact.

APPEAL from the District Court, Seventh Judicial District, County of Sonoma.

A number of gentlemen in Santa Rosa and vicinity, Sonoma County, formed a plan to erect a college, to be under the management of the Christian Church.

The following paper was drawn up and circulated, and received the signatures affixed thereto:

"SANTA ROSA, September 9, 1871.

"We, the undersigned citizens of the State of California, for and in consideration of the advancement of the educational interests of this State, do hereby promise and agree to pay to the Finance Committee, to be elected hereafter by the Christian Church of Santa Rosa, the sums set op-

posite our respective names, to aid in the erection and furnishing a building in or near the town of Santa Rosa, Sonoma County, to be dedicated and used as a college for the education of the youth of this State, to be under the management and control of the Christian Church, payable in gold coin, as follows, to wit:

"One third to be paid when the sum of ten thousand dollars is raised for the purpose stated, and said college building is under contract. One third to be paid when the building is put up and enclosed, and one third when the said building is completed."

| NAME. | RESIDENCE. | AMOUNT. |
|---|---|---|
| Alex. Johnston.. | Santa Rosa | ....... ...... ..........$500 |
| Jno. Hendley... | " " | $500 or ten acres of land if required. |
| G. A. Tupper... | " " | ...................... 200 |
| T. J. Proctor... | " " | ............... ........ 200 |

There were many other names affixed to the paper as subscribers. After some $14,000 had been subscribed, and other sums had been promised, a contract was let by a committee appointed for that purpose to build a college at an expense of $19,000. In April, 1872, a corporation was formed called "The Christian College of the State of California," and from that time forward the work was done under the auspices of the corporation. The college was completed prior to February, 1873. This action was commenced on the 3d of February, 1873, to recover the amount ($500), subscribed by the defendant. The complaint averred that the defendant, in consideration of the advancement of the educational interests of the State of California, undertook and agreed to, and with the plaintiff, to pay the plaintiff the sum of five hundred dollars, and that the plaintiff elected to receive the money. On the trial, the plaintiff offered the subscription paper in evidence, and the defendant objected, and the Court overruled the objection. The plaintiff recovered judgment, and the defendant appealed.

*Thomas & Pressley*, for the Appellants.

The complaint does not state facts sufficient to constitute a cause of action.

There is no allegation of a sufficient consideration for the promise. (Angel & Ames on Corp. Sec. 255.)

There is no allegation that the plaintiff was induced to build a college on the faith of defendant's promise, and that the promise was not revoked before the work was commenced. Such an allegation is necessary, for the reason that defendant might at any time, before the building was erected, have revoked his undertaking. (*Philips Limerick Academy* v. *Davis*, 11 Mass. 112; *Trustees of Farmington Academy* v. *Allen*, 14 Mass. 171.)

There was a fatal variance between the proof and the pleadings.

The complaint alleges a promise made to the plaintiff, while the evidence shows a promise to pay to the finance committee, to be thereafter selected by the "Christian Church." (1 Greenleaf on Ev., Sections 56–58, 63, 66 and 67.)

*McCullough & Maslin*, for the Respondent.

If it clearly appears that a number of subscribers promise to contribute money, on the faith of the common engagement, for the accomplishment of an object of interest to all, and which cannot be accomplished, save by their common performance, then it would seem that the mutual promises constitute reciprocal obligations. (*Watkins* v. *Evans*, 9 Cush. 539; *Thompson* v. *Page*, 1 Met. 565; *Ives* v. *Sterling*, 6 Met. 310; *McAuly* v. *Bellinger*, 20 John. 89.)

A subscription to a corporation, not in existence at the time of making it, is not void. (*Thompson* v. *Paige*, 1 Met. 565; *Ives* v. *Sterling*, 6 Met. 311.)

Upon filing the articles of incorporation with the Secretary of State, and the same being recorded, the property and funds of such college were immediately vested in the trustees named in the articles of incorporation.

They found in the hands of the Finance Committee previously appointed by the Christian Church, the subscription list upon which this suit is brought.

No assignment was necessary. It passed by operation of law, and was property belonging to the incorporation. (Hittell's Gen'l Laws, Sec. 576.)

The incorporation then became the only party in interest, and, under our system, could alone bring the suit. (*Cumberland College* v. *Ish*, 22 Cal. 641.)

By the Court, CROCKETT, J.:

There was a sufficient consideration to support the defendant's promise. We think the correct rule is stated in *Watkins* v. *Evans* (9 Cush. 539). If "a number of subscribers promise to contribute money on the faith of the common engagement, for the accomplishment of an object of interest to all, and which cannot be accomplished save by their common performance, then it would seem that the mutual promises constitute reciprocal obligations." (*Thompson* v. *Page*, 1 Met. 565; *Ives* v. *Sterling*, 6 Met. 310; *McAuly* v. *Bellinger*, 20 John. 89.) And that, too, though the subscription be to a corporation thereafter to be formed. (*Eastern P. R. Co.* v. *Vaughn*, 20 Barb. 157; *P. & S. P. R. Co.* v. *Griffin*, 21 Barb. 454.) But there was a variance between the contract declared upon and that proved at the trial. The complaint alleges a promise to the corporation plaintiffs, and the promise proved was to the "Finance Committee, to be elected hereafter by the Christian Church of Santa Rosa." If it be true, as insisted by the plaintiff, that on the formation of the corporation all the property and funds of the proposed college vested by operation of law in the corporation, the facts should have been stated in the complaint, so that it might appear on its face that though the promise was made to the committee, the right of action had passed by operation of law to the plaintiff. But the averment of a promise to the corporation is not supported by proof of a promise to the Finance Committee. The objection to the admission in evidence of the subscription, as the pleadings now are, should have been sustained.

Judgment and order reversed, and cause remanded for a new trial.

Neither Mr. Justice RHODES nor Mr. Justice McKINSTRY expressed an opinion.