PETER WARNER V. JACOB F. CHAMBERLAIN.

*Bite of Dog—Damages.*

The owner of a dog, it being a domesticated animal, is liable for any injury it may do to another only in case he knows it is accustomed to bite or has a ferocious, savage disposition, or propensity to bite. Proof of such knowledge on the part of defendant is sufficient to enable plaintiff to recover for personal injury thereby sustained; and the fact that the dog is commonly kept confined by the owner is evidence of such knowledge.

Verdict for plaintiff should include such damages as necessarily arose from the injury sustained, as nursing, medical attendance, pain, fear and apprehension of hydrophobia, and loss from having been disabled from pursuing his usual business.

(*New Castle, May 26, 1884.*)

ACTION ON THE CASE for injuries to plaintiff by the biting of a dog belonging to defendant.

On July 14, 1883, plaintiff went to the house of defendant to buy milk, as he was wont to do, and was coming away when the dog attacked him and bit him in the calf of his leg. The bite was

a very severe one, as was testified to by plaintiff and other witnesses. Plaintiff testified that defendant on seeing the wound had said he would not have taken that bite for a thousand dollars. One witness testified that several years prior to this he was attacked by the same dog and had shot him in the head, but the dog recovered. Other witnesses testified to the bad character of the dog, it having attacked other persons, and that they were in the habit of carrying weapons of different kinds with which to protect themselves from harm by him.

Defendant testified that he never knew the dog to bite any one, and children and others used to go through his yard without molestation, and he had endeavored in vain to hiss him on base ball players who trespassed on his property. He went to see Warner the Sunday after the alleged biting and saw the wound, which was a mere scratch. He offered to send for Dr. Shortlidge to attend him, but Warner did not want him. The witness denied having said that the dog had previously bitten an Irishman, and that he would not have been so bitten for $1,000. He gave the dog away after Warner complained, and it was the first complaint, and the dog is now dead. At the time Orr shot his dog he was only a pup. Other witnesses testified that they were near neighbors to the defendant and were well acquainted with the dog and never knew him to bite anyone or to be of an offensive character. One witness, who saw the wound immediately after the biting, said it was a mere scratch on the outer skin which might have been caused by a claw.

The plaintiff being recalled, testified that defendant had never offered him any assistance or offered to send him a physician; and he had his leg cauterized because he was afraid of hydrophobia.

The wounded leg with its scar was offered in evidence but was ruled out.

*H. H. Ward,* for plaintiff:

An actual biting not necessary to prove. A savage disposition evinced by attempting to bite sufficient. *Worth v. Gilling,* 2 L. R. C. P., 1 ; *Godean v. Blood,* 35 A. M. Rep., 751.

Liability of owner of vicious dog after notice, irrespective of

negligence on the part of the plaintiff or defendant. *Woolf v. Chalker,* 31 Conn., 121, page 130; *May v. Burdett,* 9 Queen's Bench, 101, etc.; *Muller v. McKesson,* 73 N. Y., 195, pages 199 to 202.

One previous bite or vicious act sufficient. *Arnold v. Norton,* 25 Conn., 92, page 95; *Kittredge v. Elliott,* 16 N. H., 77.

Reasonable expenses for medical care, although not actually paid, may be included in the jury's estimate of damages. *Gries v. Peck,* 24 Ohio, 329.

The fact that the injury complained of is the first actually inflicted by the dog, does not excuse the owner when the plaintiff is innocently upon the defendant's premises, and the dog is known to be vicious by defendant. *Rider v. White,* 65 N. Y., 54, pages 55 and 56.

Proof that the dog was ferocious was equivalent to express notice to the owners of its propensity. *Muller v. McKesson, et al.,* 73 N. Y., 195, 199.

Evidence that the dog was usually inoffensive inadmissible in a proper case for recovery. *Buckley v. Leonard,* 4 Denio N. Y., 500.

Fear and solicitude as to the poison and all pain, anguish, and solicitude occasioned by the bite are proper elements of damages. *Godean v. Blood,* 36 A. M. Rep., 751.

*Harry Emmons,* for defendant:

If plaintiff is entitled to recover at all, he is only entitled to such damages as he has actually received according to the evidence.

That the jury must be satisfied from the evidence that the dog which made the attack on the plaintiff was the dog kept by the defendant.

That the jury must be satisfied from the evidence that the defendant knew the dog to be a vicious animal and accustomed to attack and bite mankind, and that he kept the animal after knowledge of its mischievous propensities. *Wharton on Negligence,* 766 § 913; *Vrooman v. Sawyer,* 12 Johnson, 339; 2 Salkelds, 662; 4 Carr. & Payne, 297; 4 Denio, 501.

COMEGYS, C. J., charging the jury:

That while in the case of untamed animals, a person keeping

them is liable for any injury they may do to others; yet, where animals have been domesticated, for example dogs, the owner of them is only liable in case he knows they are accustomed to bite or have a ferocious, savage disposition, or spirit, which domestication has not subdued.

It is not necessary, in order to entitle a plaintiff to recover for the bite of a dog, that he should prove that another person has been bitten, but it is sufficient if he show by proof that the owner knows him to have a wicked, ferocious spirit, such as renders it dangerous that he should be at large. The fact that he is commonly kept confined by the owner, is evidence from which the jury may infer such knowledge on the part of the owner.

In all cases, before a plaintiff can recover for injury by a dog from having been bitten, it must be proved to the satisfaction of the jury that the defendant kept the dog, and that he did so knowing he would bite, or was of such a ferocious nature that he had a propensity, or was likely to do so. Such knowledge may be shown as well by circumstances, as by positive proof.

The plaintiff was rightfully on the defendant's premises upon his usual errand for milk, and was, in no sense, wrongfully there.

If the jury should find for the plaintiff, he is entitled to such damages as necessarily arose from such an injury as he sustained, including nursing, medical attendance, pain, suffering in body and fear and apprehension of hydrophobia, if such be shown to have been incurred, or felt; and also any loss he sustained from having been disabled from pursuing his usual business.

Verdict for plaintiff for $36.00.