## CHICAGO AND NORTHWESTERN RAILWAY CO.

### v.

## ELIZA HUNERBERG.

1. NEGLIGENCE.—Where, through culpable negligence of a railroad company in leaving a side track in a defective condition, some cars left the track, and the engineer kept the train backing until the end car went beyond defendant's right of way, through the fence in front of plaintiff's house, and crashed into the porch, and the shock to plaintiff's nervous system, who was within the house, was so great as to cause a miscarriage. *Held*, that the rule that "the person, who for his own purposes brings on his lands and collects and keeps there anything likely to do mischief if it escapes, must keep it in at his peril, and if he does not do so, is *prima facie* answerable for all the damage which is the natural consequence of its escape," applies in this case.

2. TORTS.—The party guilty of a tort may be liable for causing a miscarriage where no direct physical injury was inflicted upon the woman, if the miscarriage was a natural and probable consequence of the wrong.

3. INSTRUCTIONS.—The first instruction for plaintiff was so erroneous and misleading, that, with the defect of the declaration, the court feels compelled to reverse the judgment.

APPEAL from the Superior Court of Cook county; the Hon. JOSEPH E. GARY, Judge, presiding. Opinion filed April 8, 1885.

This was an action by appellee against appellant to recover damages for a personal injury to her. The trial resulted in a verdict and judgment against appellant for $3,000, to reverse which this appeal is prosecuted.

It appears from the evidence that the plaintiff was the owner and resided in a house situated outside but contiguous to defendant's right of way in the village of Palatine; that defendant had a side track in the vicinity of said house, one of the tracks of which was in a bad and defective condition; that while defendant's servants were backing a freight train down said side track, July 20, 1883, some of the cars left the track on account of said defect, but the engine driver, notwithstanding, kept the train backing until the end car went be-

yond defendant's right of way, through the fence in front of plaintiff's house, and with great force and violence struck the porch thereof and demolished it. These facts were shown without any conflicting testimony, and evidence was further given, showing that the plaintiff was at the time pregnant; that she was up stairs in the house with two young children with her; that the shock and fright were so great, that though this was on Friday, and her health had previously been good, by Sunday she had a miscarriage which seriously injured her.

The court below on behalf of plaintiff gave this instruction, amongst others, to the jury:

1.  The court instructs the jury that " it is the duty of the defendant company to keep its tracks in reasonable and safe repair, and if you believe from the evidence that the defendant company suffered and permitted one of the rails of its side tracks, at the village of Palatine, in Cook county, to become and remain for a long time out of repair and in an unsafe and dangerous condition, and that by reason thereof one of the trains of the said company became derailed and left said side track, and struck the house where the plaintiff resided and where she then was, and thereby inflicted bodily injury upon the plaintiff through fright, then your verdict should be for the plaintiff, and in making up the amount of your verdict it is proper for you to consider any physical pain or sufferings which you may find from the evidence was undergone by the plaintiff, if any, resulting from said injury. And if you further believe from the evidence that such injury to the plaintiff, if any there be, is permanent or will extend into the future, your verdict, if such be the proof, should include all the damage which you find from the evidence the plaintiff has suffered, if any; and all the damage, if any, which you believe from the evidence the plaintiff will suffer in the future, if any, by reason of said injury."

Mr. B. C. Cook, for appellant; as to damages, cited 1 Sutherland on Damages, 57, 71; Bennett v. Lockwood, 20 Wend. 223; Craine v. Petrie, 6 Hill, 523; McGrew v. Stone, 53 Pa.

436; Fairbanks v. Kerr, 70 Pa. St. 86; People v. Mayor, 5 Lans. 524; Lewis v. F. & P. M. Ry. Co. 19 N. W. 744.

Mr. DeWitt C. Jones, for appellee; that the judgment will not be reversed if it appears from the record that substantial justice has been done, cited H. F. & M. Ins. Co. v. Cormick, 24 Ill. 445; T. W. & W. R. R. Co. v. Ingraham, 77 Ill. 309; Twining v. Martin, 65 Ill. 157; Dishon v. Schorr, 19 Ill. 59; Kendall v. Brown, 86 Ill. 387.

McAllister, J. The counsel for appellant, defendant below, insists that inasmuch as appellee, plaintiff below, was not hit upon her person by or thrown against anything, or upon the floor, and her only injury being from the fact of her pregnancy and miscarriage, caused by mere shock to her nerves, and fright, there was no such proximate connection between the negligence of the defendant, in respect to a rail of the switch being in a bad and defective condition, and the injury to the plaintiff, as would entitle her to recover for that injury, the damages being too remote.

As we analyze this case from the evidence, we regard it as essentially different in its controlling characteristics, from what the counsel for the defendant seems to consider it to be, and different from the case of Phillips v. Dickerson, 85 Ill. 12, said to be exactly in point.

The plaintiff testified, without contradiction, that she, herself, owned the house where she was at the time it was struck by the end car of defendant's train; but that fact is not averred in the declaration.

It appears from the plat of Palatine in evidence, and the locality of the alleged accident, that said house was wholly outside of the defendant's right of way. That fact is not averred in the declaration, but, inasmuch as it is one which can not be changed by evidence, we shall regard it as part of the case. Concisely stated then, the case is this: The plaintiff with two young children by her side, one of them her own, is in the chamber of a house (no definite description of which is given in the evidence) which is upon land lying entirely

outside the defendant's right of way. There is a dooryard in front of the house, with trees in it and inclosed by a fence. While the plaintiff is thus in the chamber of her own home, and being about two months gone in pregnancy, she sees a portion of the freight train in question has left the side track, and is coming with great force and violence toward her house; she sees and hears the end car crash through her dooryard fence, and striking trees which fail to arrest its course, it comes against the house and tears away the porch belonging to it. The lives and limbs of herself and the children there were in imminent peril from such a frightful invasion of her premises and home, and she was overcome by a natural and reasonable fear. The shock to her nervous system was so overwhelming, that though previously healthy she was thereby made sick, and the second day thereafter suffered a miscarriage, which is the injury for which she brought this suit.

The invasion of the premises, in the way described, was not the result of inevitable accident; there was fault, culpable negligence on the part of the defendant's servants having the management of the train. Such invasion was, therefore, unlawful; it was a trespass committed under circumstances wherein mischief and injury were likely to befall somebody in that house. And in such case, intention and design to do that mischief were not indispensable to liability therefor. Bullock v. Babcock, 3 Wend. 340; Welch v. Durand, 36 Conn. 182.

There is a total want of evidence tending to show inevitable accident; and t ere was evidence tending to show negligence, not only as to the track, but as to the management of the train after the cars left the track.

But it was not necessary for the plaintiff to introduce evidence in the first instance that the escape of these cars from the defendant's right of way, and upon the premises where plaintiff resided, was the result of negligence. It is a well settled rule of the common law, " that the person who, for his own purposes, brings on his lands and collects and keeps there anything likely to do mischief if it escapes, must keep it in at his peril; and if he does not do so, is *prima facie* an-

C. & N. W. Ry. Co. v. Hunerberg.

swerable for all the damage which is the natural consequence of its escape." Fletcher v. Ryland, L. R., 1 Ex. 265, 279; affirmed in same case in L. R. 3 H. L. 330; Gorham v. Gross, 125 Mass. 232, and cases there cited.

We can perceive nothing in reason or in the circumstances of this case to derogate from the application of that doctrine in this case. Every element involved in the rule is present.

The act of invading the premises in question was under the circumstances an unlawful act, and was one which was likely to prove injurious to the occupants of the dwelling where plaintiff was, and there was evidence tending to prove that it was the result of gross negligence and recklessness. Upon these facts, if established, the defendant was liable to the plaintiff for the injury she suffered in consequence, if such injury was the natural and probable consequence of the wrong committed, and this irrespective of whether those guilty of the negligence knew she was in the house or not, or of her condition as respects pregnancy.

In Vandenburgh v. Truax, 4 Denio, 465, the rule in such cases was carefully formulated by Bronson, J., as follows: "It may be laid down as a general rule, that when one does an illegal or mischievous act which is likely to prove injurious to others, and when he does a legal act in such a careless and improper manner that injury to third persons may probably ensue, he is answerable for all the consequences which may directly and naturally result from his conduct, and in many cases he is answerable criminally as well as civilly. It is not necessary that he should intend to do the particular injury which follows." Scott v. Shepherd, 2 W. Bl. 892; Guille v. Swan, 19 Johns. 381; Brown v. Milwaukee & St. P. Railway Co., 54 Wis. 342; S. C., 41 Am. R. 41; Ehrgott v. Mayor, 96 N. Y. 280; S. C., 43 Am. R. 480.

The case of Brown v. Milwaukee Railway Co., *supra*, fully sustains the position that the party guilty of a tort may be liable for causing a miscarriage, where no direct physical injury was inflicted upon the woman, if the miscarriage was a natural and probable consequence of the wrong. Oliver v. La Valle, 36 Wis. 592, is to the same effect.

The first instruction for plaintiff was, however, so erroneous and misleading, that, with the defect of the declaration, we feel compelled to reverse the judgment. That instruction purports to comprehend all the necessary elements of a right of recovery, but in the hypothesis as to the wrong on the part of defendant, nothing is embraced but the negligence as to the rail of the side track. It appears to us to be very doubtful if there was such a proximate connection between that negligence and the plaintiff's injury as to warrant a recovery. The question of that connection was not submitted to the jury, or whether the injury was the natural and probable consequence of that negligence. The case shows that between said defective rail, whereat the cars left the track to run upon the ground, and the premises where plaintiff was at the time, there was a space of one hundred and fifty feet, over all which distance the engine driver and those in charge of the train permitted it to go, and drove it with great force and violence into the yard and against the house in question, causing, naturally and reasonably, the great fright and shock which plaintiff experienced. Now, it is not difficult to perceive that between that unlawful invasion of the premises and the injury to plaintiff, there might be sufficient proximate connection to warrant a recovery. But that element is wholly omitted from the instruction. The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed.