Hillsborough, }
March 3, 1908. {

## PRESCOTT *v.* ROBINSON.

A woman who is injured during pregnancy by a highway collision caused by another's negligence is entitled to damages for mental distress due to her fear or apprehension before the birth of the child that it would be deformed in consequence of the accident; but she cannot recover for her mental suffering after the birth of the infant and her prospective anxiety and disappointment, occasioned by its deformed and diseased condition, nor for the child's pain, suffering, and inability to labor.

CASE, for negligence. Transferred from the May term, 1907, of the superior court by *Peaslee,* J. The declaration alleged that the defendant so negligently managed an automobile and ran the same at such excessive speed, "that by reason thereof said auto-

bile was propelled with great force upon and against the carriage in which said plaintiff was riding, crushing and wrecking said carriage and hurling said plaintiff, who was then pregnant, from her seat in said carriage to the ground, whereby she was severely injured in and upon her head, body, abdomen, back, and limbs, [and was injured internally so that the child, to which she later gave birth and of which she was at the time of said injury pregnant, was born deformed, disfigured, and diseased, and has so continued from thence hitherto, all by reason of defendant's said negligence] ; and said plaintiff was also bruised, lamed, and injured, externally and internally, and her nervous system shocked and injured, [and she suffered and endured great mental distress after said injuries during her pregnancy on account of her dread of the effect of said injuries upon herself and her unborn child ; and since the birth of said child she has suffered and will continue to suffer in mind and body by reason of said injuries, both as above set forth and by reason of the deformity and diseased condition of said child.] Whereby a right of action in favor of said plaintiff against said defendant has accrued for all her past, present, and future injuries, pain, and suffering in mind and body, and inability to labor, [and all the injuries, pain, and suffering, and inability to labor of said child.]

The defendant demurred to the declaration and moved that the parts enclosed in brackets be stricken out. The demurrer and motion were denied, and the defendant excepted.

*Burnham, Brown, Jones & Warren*, for the plaintiff.

*Branch & Branch*, for the defendant.

WALKER, J. The demurrer and motion present the questions whether under the allegations of the declaration the plaintiff is entitled to recover damages for her mental distress due to her fear or apprehension before the birth of the child, that it would be deformed in consequence of the defendant's negligent act, and whether her mental suffering since the birth of the child and her prospective anxiety and disappointment on account of its deformity and diseased condition can be considered by the jury as elements of damage recoverable in this action. Assuming that she suffered mental distress, not only in regard to the effect of the accident upon her person, but in regard to its effect upon the unborn child, it cannot be doubted that it was proximately caused in both respects by the alleged negligence of the defendant. It was a natural result reasonably to be apprehended under the circumstances. The fact

that the defendant was ignorant of her condition does not lessen his liability for the natural consequences of his negligent act. *Chicago etc. Ry.* v. *Hunerberg,* 16 Ill. App. 387; *Brown* v. *Railway,* 54 Wis. 342; *Purcell* v. *Railway,* 48 Minn. 134.

But it is contended that, while she may be entitled to recover for distress of mind due simply to her fear of the results of the accident to her person, her apprehension that the child might be deformed thereby is too remote or fanciful to be deemed in law an element of damage, although proximately caused by the defendant's negligent act. If a *foetus* is deemed to constitute a part of the mother's person, an injury to it is plainly an injury to her, as much as an injury to her hand or arm would be. And it would seem to follow that she has as much right not to be harmed in the one respect as in the other. A denial of that proposition would be equivalent to an assertion that the law protects persons in the use and enjoyment of some parts of their physical organisms, but not of all parts thereof. Such a conclusion rests upon no logical basis and is supported by no legal principle. If in consequence of a blow inflicted upon his person a man sustains an injury which may reasonably be expected to produce a deformity or to impair his health, his right to recover damages of the negligent defendant for his mental suffering occasioned by the prospect of such a result is a recognized and enforceable right. In *Walker* v. *Railroad,* 71 N. H. 271, 273, this principle was applied in the following language: " There was evidence that the plaintiff was suffering from partial mental disability. If as a result of mental disability induced by the defendant's fault the plaintiff suffered from apprehension of insanity, such suffering was an element of her damages." *Brush Electric Co.* v. *Simonsohn,* 107 Ga. 70; *Sherwood* v. *Railway,* 82 Mich. 374, 383; *Schmitz* v. *Railway,* 119 Mo. 256, 277. The fact that one of the results of the alleged injury in this case was the deformity of the *foetus,* which became the child's misfortune upon its birth, does not prove that no right of the plaintiff was invaded in this regard for which damages are allowable; on the contrary, it shows that her natural right to the normal action of her physical organs in the growth and development of the *foetus* was seriously infringed. *Alabama etc. R. R.* v. *Hill,* 93 Ala. 14. Her ability to be delivered of a normal and healthy child was jeopardized, and her grief and apprehension before the birth on account of what the probable or not unreasonable effect would be upon the child is not a remote consequence of the alleged negligence of the defendant. It was her right to produce a healthy child; and if by the defendant's negligence her enjoyment of that right was diminished or violated, her mental distress for the unnatural result to be expected

was an element of damage for which she should be compensated, as well as her disappointment at the birth of a deformed child.

In this view of the case it is unnecessary to consider or determine what, if any, rights a child *in ventre sa mere* has for injuries received by it, which render its existence after birth painful and burdensome. Whether it may or not, after birth, maintain an action on that account (*Dietrich* v. *Northampton*, 138 Mass. 14; *Gorman* v. *Budlong*, 23 R. I. 169; *Marsellis* v. *Thalhimer*, 2 Paige 35, 40; *Harper* v. *Archer*, 4 Sm. & M. 99; *Allaire* v. *Hospital*, 184 Ill. 359, 368; *Earl of Bedford's Case*, 7 Co. 7b; *Trower* v. *Butts*, 1 Sim. & St. 181; *Wallis* v. *Hodson*, 2 Atk. 115, 117; *Thellusson* v. *Woodford*, 4 Ves. Jr. 227, 322; *Doe* v. *Clarke*, 2 H. Bl. 399; *Scruby* v. *Payne*, 34 L. T. 845; *The George & Richard*, L. R. 3 Adm. 466; *Walker* v. *Railway*, 28 L. R. Ir. 69; 2 Witt. & Beck Med. Jur. 150, 152, 159–161), is immaterial in this case. The mother's right to the damages she suffers for the defendant's wrongful act in causing her to bring forth a misshapen and sickly child, instead of a well developed and healthy one, does not depend on the question whether at the time of the injury the *fœtus* is deemed in law a person, or whether after birth it may maintain an action to recover for the wrong done to it before its birth. She cannot recover in her own right for the child's injuries for which, if it were deemed a person in law, it would have a right of action; and if it is deemed not to be a person at the time of the injury, but *pars viscerum matris* (*Earl of Bedford's Case*, 7 Co. 7b), she suffers no damage for its deformity merely; that is, the fact alone that it is deformed is a misfortune to the child, for which she is not entitled to damages, unless it causes her special physical pain and suffering. Such damages pertain to the child alone. The mother is no more entitled to them than the father is. Upon the birth of the child, the physical consequences of the injury to it become effective. From the time of the injury to the time of the birth the mother suffers no physical damage merely because the child's limbs are distorted or because its health is impaired. It therefore follows that the child alone suffers damage on that account; and if that damage is held to be *damnum absque injuria*, the mother's right thereto would not be increased. If the child cannot recover therefor, it does not follow that she can. In fact, there is no legal connection between their rights of action for their respective damages. But while the injuries suffered by each are distinct and independent, the mother's anxiety before the birth of the child, in view of the reasonable probability that the defendant's act will cause her to produce an abnormal child, is peculiarly an element of damage to her.

This result is not in conflict with cases cited by the defendant

in which it has been held that no recovery could be had by the mother for the miscarriage and death of the child. See *Bovee* v. *Danville*, 53 Vt. 183; *Tunnicliffe* v. *Railway*, 102 Mich. 624; *S. C.*, 107 Mich. 261; *Western Union Tel. Co.* v. *Cooper*, 71 Tex. 507; *Hawkins* v. *Railway*, 3 Wash. 592. These cases do not decide that the mother's solicitude consequent upon the injury and before the birth is not an element of her damage, but that the death of the child and her loss of the comfort and enjoyment of the company of a living child are too remote consequences to be considered by a jury in assessing her damages. 1 Joyce Dam., s. 185. In *Bovee* v. *Danville, supra*, the decision is stated thus (*p.* 190): "The plaintiff was entitled to recover all damages that were naturally and legitimately consequent upon the negligence of the town. If the violence done her person resulted in the miscarriage, the miscarriage was a legitimate result of such negligence. Any physical or mental suffering attending the miscarriage is a part of it, and a proper subject of compensation. But the rule goes no farther. Any injured feelings *following* the miscarriage, not part of the pain *naturally attending* it, are too remote to be considered an element of damage." But injured feelings and regret before the birth and while the mother is seeking to perform her function of child-bearing through the organs of her body may be proper elements of recoverable damage, for the same reason, substantially, as led to the holding by the same court in *Godeau* v. *Blood*, 52 Vt. 251, that solicitude occasioned by the bite of a dog, including apprehension of hydrophobia, though the dog was not shown to have been rabid, were proper matters for the jury's consideration. To the same effect are *Warner* v. *Chamberlain*, 7 Houst. 18, and *Trinity etc. Ry.* v. *O'Brien*, 18 Tex. Civ. App. 690.

The fact that the plaintiff will undoubtedly suffer great disappointment during her lifetime, occasioned by her continual observation of her child's deformity and its probable suffering, though in some sense caused by the defendant's negligence, is a misfortune for which the law can afford no compensation in an action for negligence. If the collision which caused the injury both to her and her child had occurred while she was carrying the child in her arms, it would be a novel proposition to urge that she might recover damages for her subsequent mental distress on account of the disfigurement and ill-health of the child. However severe the grief may be of the friends and relatives of the victim of a catastrophe, they can ordinarily maintain no common-law action for damages on that account. The deformity of a crippled child and its suffering may be an ever-present cause of disappointment to its parents, and their lives may be made miserable thereby; but they can obtain no redress on that ground against the person whose

negligence was the cause of the child's condition. *Hyatt* v. *Adams*, 16 Mich. 180, 197. The policy of the law requires that no action shall be maintainable for that cause. *Black* v. *Railroad*, 10 La. An. 33.

In *Cowden* v. *Wright*, 24 Wend. 427, it was held that in an action of trespass by a father for assaulting and beating his son *per quod servitium amisit*, a jury in assessing the damages are not authorized to take into account the wounded feelings of the parents. It was suggested in the opinion that it might be otherwise if the son were not also entitled to an action to recover for his mental suffering. In *Pennsylvania R. R.* v. *Kelly*, 31 Pa. St. 372, it was decided that when a father brings an action on the case for damages resulting from an injury to his child, he can only recover compensatory damages, to be measured by the loss of the child's services and the expense of nursing and curing him, that he cannot recover for his lacerated feelings or disappointed hopes, and that the personal sufferings of the child should not enter into the computation of the father's damages. *Sullivan* v. *Railway*, (Mass.) 83 N. E. Rep. 1091; *Butler* v. *Railway*, 143 N. Y. 417; *Galveston* v. *Barbour*, 62 Tex. 172; *Flemington* v. *Smithers*, 2 C. & P. 292; 1 Joyce Dam., *s*. 225. Such damages are too remote and speculative to be properly estimated by a jury upon the theory of strict compensation alone for the consequences of a negligent act. In cases where the elements of malice, wantonness, or willful indignity in causing the injury are present, it may be that a more liberal rule of damages prevails (*Fay* v. *Parker*, 53 N. H. 342; *Bixby* v. *Dunlap*, 56 N. H. 456; *Barnes* v. *Campbell*, 60 N. H. 27; *Kimball* v. *Holmes*, 60 N. H. 163), and that injured feelings indirectly caused by the defendant's willful act (*Friel* v. *Plumer*, 69 N. H. 498) may furnish a legitimate element of damage, while in the absence of evidence of intentional wrong they ought not to be included in recoverable damages.

If in the case at bar the fact was that the defendant maliciously inflicted the injury upon the plaintiff, one of the natural and intended results of the act would be to cause the plaintiff great mental distress, not merely on account of the injury to her and the unborn child, but on account of her parental anxiety for the future healthfulness of her child. It might not be incorrect to say that it would be conclusively presumed that the defendant's purpose was to inflict upon her the mental suffering she sustained, and hence that he ought to pay for it. But if the act causing the injury is merely a negligent act, the recovery of compensation for such remote, secondary, and speculative injuries could not be justified upon that ground, since a negligent defendant is answerable

only for the direct, proximate, and natural results of his act. If a negligent defendant inflicts a violent blow upon the person of the plaintiff, in consequence of which the latter falls upon another who is crippled thereby, the sorrow of the plaintiff for the suffering of the third party could not be considered a proximate result of the defendant's involuntary act, for which he should be charged in damages. As the child's suffering in this case is his misfortune, the plaintiff's regret on that account is not a legitimate element of her damage for the mere negligence of the defendant.

It is not necessary to discuss at length the claim advanced by the plaintiff and alleged in her declaration, that she is entitled to recover for the "pain and suffering and inability to labor of said child," for the obvious reason that the child's peculiar injuries afford it, if anybody, a right of action; and if it should be held upon consideration that it cannot maintain an action for the damages suffered by it after its birth, it is not apparent how a right of action therefor would become vested in the mother. Justice does not require that she should be paid for the sufferings of the child; and the doctrine of compensatory damages forbids it. *Fay* v. *Parker, supra ; Kimball* v. *Holmes, supra.*

When the declaration is amended in accordance with the views above indicated, the demurrer will be overruled and the motion denied.

*Case discharged.*

PEASLEE, J., did not sit: the others concurred.