[Civ. No. 1550. First Appellate District.—September 3, 1915.]

## OTTO MATZEN, Appellant, v. MORTON BUILDING COMPANY, Respondent.

CONTRACTS — CONSIDERATION — AGREEMENT TO FORBEAR TO ENFORCE CLAIMS.—There is a sufficient consideration for an oral agreement between a general contractor and its creditors, including a subcontractor who had furnished to the general contractor the necessary plumbing on two certain jobs, providing that if the general contractor would file the necessary liens and commence suit against its debtors for the recovery of moneys due it, and would pay the several amounts due to each of said creditors, the sub-contractor and the said creditors would not file any liens against the properties owned by the debtors of the general contractor, nor commence any suit at law for the amount of their claims while the contractor was enforcing such collections, in consideration of the latter paying the necessary attorney's fees, costs, and disbursements in the prosecution of such suits, and in devoting time to the enforcement of the same.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. L. T. Price, Judge presiding.

The facts are stated in the opinion of the court.

Vecki & Wythe, for Appellant.

Edgar C. Levey, and H. W. Mathews, for Respondent.

THE COURT.—This is an appeal from the judgment on the judgment-roll alone, in an action where the plaintiff

sought to recover the reasonable value of plumbing furnished to the defendant for two certain jobs, on which the defendant was the general contractor.

The sole question in the case is whether or not the oral agreement set forth in the answer, and found by the court to have been entered into by the parties to this suit, was supported by a sufficient consideration.

We think with the trial court that it was. The plaintiff was a sub-contractor, and had furnished to the defendant, a general contractor, the necessary plumbing on two certain jobs. Part of the amount due to the plaintiff had been paid to him, when in January, 1912, the defendant called a meeting of its creditors, at which meeting the plaintiff was present. The defendant's representative there explained to its assembled creditors that the company was financially embarrassed by reason of the failure of two of its largest debtors to make payments in accordance with their contracts, whereupon it was agreed between the defendant and its creditors, including the plaintiff, that if the defendant would file the necessary liens and commence suits against its debtors for the recovery of moneys due it, and would pay the several amounts due to each of said creditors, the plaintiff and the said creditors "would not file any liens against the properties owned by the debtors of the defendant, and that he and the said creditors, or either of them, would not commence any suit at law against defendant for the amounts of their respective claims during the time the defendant was enforcing the said collections from his said debtors; and said plaintiff and said creditors further agreed that they would not nor would either of them do anything which would interfere with or embarrass or hinder or delay defendant while enforcing said collections for their mutual benefit; and said plaintiff and said creditors further agreed that they would refrain from filing said liens and from commencing said suits, and that they would not charge any interest on their respective claims until said moneys were collected, in consideration of defendant's paying the necessary attorney fees, costs and disbursements in the prosecution of said suits and in devoting his time and attention to the enforcement of the same."

Subsequent to the execution of this agreement and prior to the commencement of this action, defendant did file liens and institute suits for the collection of the moneys due from

the debtors, paying the necessary costs and attorney fees in connection therewith, and giving the necessary time and attention to the enforcement thereof. These elements clearly constitute a sufficient consideration to support the plaintiff's undertaking to forbear. (9 Cyc. 312; *West* v. *Crawford*, 80 Cal. 19, [21 Pac. 1123]; *Christian College* v. *Hendley*, 49 Cal. 347.)

The judgment is affirmed.