## INTERNATIONAL-GREAT NORTHERN R. CO. v. RAGSDALE et al. (No. 3598.)

Court of Civil Appeals of Texas. Texarkana. Nov. 22, 1928.

Rehearing Denied Nov. 29, 1928.

Guinn & Guinn, of Rusk, and B. F. Davis, of Jacksonville, for appellant.

G. W. Gibson, of Jacksonville, and W. H. Shook, of Dallas, for appellees.

WILLSON, C. J. In June, 1926, at a point where a neighborhood road crossed the track of appellant's line of railway in Cherokee county, one of its passenger trains collided with a Ford motorcar stalled on the crossing, destroying the truck and 197 crates of tomatoes with which it was loaded. On the theory that the collision was due to actionable negligence on the part of appellant's employés in charge of the train, in that they (1) failed to keep a proper lookout for persons using the crossing, and (2) permitted the crossing to be rough and out of repair, appellee Burette Ragsdale, the owner of the truck, and appellee Willis Johnson, who had a mortgage thereon, brought this suit and recovered the judgment for $300 as the value of the truck, and $49.25 as the value of the tomatoes, from which the appeal is prosecuted. The judgment was based on findings of the jury that appellant was guilty of actionable negligence in ways alleged by appellees, specified above, and in ways not alleged by them, and on findings that the operatives of the truck were not guilty of contributory negligence as charged by appellant.

 Appellant insists none of the findings of negligence on its part was supported by the evidence. But we think there was evidence warranting the finding that the crossing was out of repair as alleged and the finding that its condition was a proximate cause of the collision. If the findings specified were warranted, the fact that findings of negligence on the part of appellant in other respects were unwarranted would not be a reason for reversing the judgment. Andrews v. Wilding (Tex. Civ. App.) 193 S. W. 193; Southwestern Portland Cement Co. v. Challen (Tex. Civ. App.) 200 S. W. 214; Schaff v. Morris (Tex. Civ. App.) 227 S. W. 199.

Appellant insists, further. that it conclusively appeared from the testimony that the persons in charge of and operating the truck were guilty of contributory negligence which deprived appellees of a right to a recovery of anything against it. We do not think it so appeared, and overrule the contention.

The contention that the judgment is erroneous so far as it is in appellees' favor for $49.25 as the value of the tomatoes is sustained. It appeared from appellees' pleadings that they did not own the tomatoes, and there is nothing in the record sent to this court showing a right in them to recover on account of same.

As we understand the authorities cited by the parties, to wit, Humble Oil & Refining Co. v. Kishi (Tex. Civ. App.) 299 S. W. 691, St. L. S. W. Ry. Co. v. Seale (Tex. Com. App.) 267 S. W. 676, and Ft. W. & D. C. Ry. Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834, the judgment was not erroneous so far as it was in appellees' favor for interest on the value of the truck from the time it was destroyed. When a plaintiff in a case like this one is prays in his petition for such a recovery (and appellees did so pray in their petition), it is not error, it seems from the cited authorities, to grant such relief.

Many other contentions are presented in appellant's brief, but we think none of them show a reason for reversing the judgment. Therefore, while it will be reversed for the error pointed out, if a remittitur of the amount recovered on account of the tomatoes is filed within 15 days from this date the reversal will be set aside and a judgment affirming that of the court below so far as it was on account of the truck will be entered here.