**96 P.2d 289**

### GILES v. HERZSTEIN.

### No. 4493.

Supreme Court of New Mexico.

Nov. 21, 1939.

Adolf J. Krehbiel, of Clayton, for appellant.

O. P. Easterwood, of Clayton, for appellee.

ZINN, Justice.

Plaintiff (appellee here), filed his complaint praying for judgment against defendant (appellant here) in the sum of

$1,950. He alleged that pursuant to an oral agreement, plaintiff and defendant agreed to enter into the cattle buying business and divide the profits but not the losses. That they bought about 200 head of cattle which the defendant later sold at a profit of $3,900, and refused to pay the plaintiff his half of the profits.

The defendant answered, admitting the venture, alleging that it was a partnership arrangement, however, conditioned upon sharing losses as well as profits, after deducting expenses. Defendant alleged that the venture netted a loss of $1,655.73, rather than a profit. Defendant then cross-complained to recover half of this sum alleged as a loss. This was denied by plaintiff's reply.

The case was tried to a jury. The plaintiff was awarded judgment in the sum of $700. This appeal followed.

Error is predicated by the defendant because the court permitted evidence to go to the jury which would indicate previous cattle buying ventures between plaintiff and defendant wherein there was a profit of $3,000. It was this sum that went into the purchase price of the immediate 200 head of cattle, and the jury in computing the award used this sum of $3,000 as a basis for the award made to the plaintiff. Having admitted into evidence the plaintiff's testimony as to the $3,000 profit, the court refused the defendant the right to show that there was no such profit, but as claimed by the defendant, there was a loss of $10,000.

The defendant also contends that the verdict is contrary to the evidence.

To recite the evidence would needlessly lengthen this opinion without adding any value thereto. It is sufficient to state that a review of the evidence, coupled with the statement by plaintiff in his brief, to-wit: "Of course, they could not have this $3000 or the two hundred head of cattle which it purchased later, unless they had made this money from the sale of these other cattle," clearly indicates that the plaintiff relied on the previous transactions to establish a total profit as found by the jury in making its award. The jury could not have found from the plaintiff's evidence, any net profit of $1,400, unless it did take into consideration the claim of the plaintiff that there was a $3,000 profit in the previous transactions. In doing so the court permitted the jury to find that the two hundred head of cattle involved in the single transaction sued upon in this case amounted to a profit in previous transactions. In effect this amounted to an accounting of all the cattle transactions between the plaintiff and the defendant.

There was thus injected into the case a new and independent cause of action between the plaintiff and the defendant, namely, was there a profit or loss in the previous cattle transactions? Such an issue would require a partnership accounting. The pleadings limited the case to a single transaction.

The defendant had no notice by the pleadings that the plaintiff would rely on

any profit in the preceding transactions. The defendant had no opportunity to litigate the plaintiff's claim of profit in the preceding transactions. Without notice or opportunity to be heard the defendant was faced with a new and independent issue which was not pleaded by the plaintiff. There is thus a variance between the issue tendered by the pleading and the proof offered by the plaintiff and admitted to the jury over defendant's objections.

 The court erred in admitting testimony in support of facts not put in issue by the pleadings.

"The rule is that the plaintiff must recover, if at all, upon the cause of action set out in the complaint, and not upon some other which may be developed by the proofs." Kredo v. Phelps, 1904, 145 Cal. 526, 78 P. 1044, 1045.

"It is familiar law that the plaintiff must recover, if at all, upon the cause of action averred in his complaint, and not upon issues without the record." Ford v. Schall, 1924, 110 Or. 21, 221 P. 1052, 1054, 222 P. 1094.

The plaintiff to recover at all under the pleadings, must recover upon the single transaction involving the 200 head of cattle and none other. He must establish the cost of the cattle plus the legitimate operating expenses, which total is then deducted from the sale price, showing the net profit if any. The court ought not to have permitted the taking into account in this suit the previous transactions. This was an ordinary action at law. The plaintiff's recovery rests upon the cause of action alleged in the pleadings and not upon some separate and distinct cause of action which the evidence may disclose.

"A party must recover, if at all, upon the claims asserted in his pleadings, and not upon other rights or issues that may appear in the evidence. Upon the trial of the cause by the court without a jury findings outside of the issues made by the pleadings are nullities and will not support a judgment, not being responsive to the issues." Portland v. O'Neill, 1920, 98 Or. 162, 192 P. 909, 910.

 As stated by the Supreme Court of Montana in a recent case: "The plaintiff must, of course, stand or fall upon the cause of action stated in his complaint. * * * The pleader must confine his proofs within the cause of action he states; he may not go beyond the material allegations of his pleading, for it would be folly to require the plaintiff to state his cause of action, if in the trial he could abandon the grounds stated and recover upon others which are substantially different from those alleged. * * * If this were not so, the very purpose of pleadings would be destroyed, and, instead of the complaint apprising the defendant of the proof which he would be called upon to meet, it would become a device to entrap him." Kakos v. Byram, 1930, 88 Mont. 309, 292 P. 909, 911.

For the reasons given the cause will be remanded for new trial in accord with the views set forth herein.

It is so ordered.

BICKLEY, C. J., and BRICE, SADLER, and MABRY, JJ., concur.