324 P.2d 424

Mike **LONDON**, Plaintiff-Appellee,

Cross-Appellant,

v.

Gus **BRUSKAS**, C. A. Alexopoulas and Melvin D. Rueckhaus, Defendants-Appellants, Cross-Appellees.

No. 6147.

Supreme Court of New Mexico.

Jan. 30, 1958.

Rehearing Denied April 18, 1958.

Simms, Modrall, Seymour, Sperling & Roehl, Ped S. Watkins, Albuquerque, for Bruskas.

Chester A. Hunker, Clovis, for Alexopoulas and Rueckhaus.

Hannett, Hannett & Cornish, Albuquerque, for plaintiff-appellee, cross-appellant.

KIKER, Justice.

Under a lease dated July 8, 1954, the defendants, Bruskas, Alexopoulas and Rueckhaus, leased the Ice Arena located in Albuquerque, New Mexico, to the plaintiff, Mike London, for one night each week over a ten-year period for the purpose of putting on wrestling matches. Plaintiff started his performances in early November, 1954 and the lease was terminated around July 21, 1955, making approximately nine months use of the premises under the lease. The suit is by the plaintiff lessee for wrongful termination of the lease or for wrongful eviction from the premises.

The property involved in the case is located at 5100 Lomas Boulevard, N. E., Albuquerque, New Mexico, and the improvements at that location are known commonly as the "Ice Arena." At the time of the suit the ownership of the Ice Arena was divided as follows: defendant Bruskas, 98%; defendant Rueckhaus, 1%; defendant Alexopoulas, 1%. Without setting out the lease in full, it provides that in the case of default in the payment of rent for a period of seven days the lessor shall have the right to take possession. This is the only provision in the lease concerning repossession by the lessor.

The plaintiff, London, alleged that the defendants wrongfully, maliciously and

without just cause cancelled the above lease on July 21, 1955, as evidenced by the following letter:

> "Rueckhaus & Watkins
> Attorneys at Law
> Albuquerque, New Mexico
> July 19, 1955

"Mr. Mike London
5100 Lomas Boulevard, NE
Albuquerque, New Mexico.
"Dear Sir:

"This office represents the owners of the building known as Lomas Ice Arena and lessors under a lease therein in which you are the lessee.

"On behalf of our clients this is notice to you of cancellation for forfeiture of all your rights in and to the said lease for the reason that you have breached and violated said lease by permitting and encouraging on the incident of last Monday, July 18, 1955, the sale of a great number of admissions into the wrestling show over and above the capacity of the house. This violation created a great hazard and exposed a great many human lives to danger, as well as constituting a risk to the property of our clients. You have been guilty of this violation before and have been repeatedly warned to desist and were so warned on the night of July 18, but in spite of such warning you have persisted in repeating this violation.

"It therefore becomes our duty to convey to you this notice of full cancellation of the lease upon the grounds of violations of the law by you and your employees and exposure of the lessors' property to danger of loss.

> "Very truly yours,
> Rueckhaus & Watkins
> By s/ Ped S. Watkins"

Upon receipt of the letter, the plaintiff went to his lawyer's office. Two telephone calls were made by the lawyer to Watkins' office. From the conversations it was settled that the notice of cancellation was final. Upon establishing this, the plaintiff made arrangements to move his promotions to another location. Wrestling was then promoted at the Armory in Albuquerque, New Mexico.

The plaintiff, London, formed a corporation called Mike London Sports, Inc., which was to engage in the promotion of wrestling. It became effective on January 1, 1955. The purpose of the formation was to limit liability and to gain certain advantageous tax treatment. Mike London owned all of the stock except for two qualifying shares which were owned by his wife and by his mother. He did not assign the lease but did assign his personal credit for $10,000 deposit as a guaranty of performance under said lease. All bills incurred in the promotion of wrestling were paid by check signed by the corporation. London received a salary from it. In effect the en-

tire promotion was in the name of the corporation with the exception of the lease on the Arena which was retained in the name of Mike London.

On July 26, 1955, plaintiff Mike London filed complaint in the district court for Bernalillo County, New Mexico, against Gus Bruskas, C. A. Alexopoulas and Melvin D. Rueckhaus containing three causes of action. Plaintiff's first cause of action, in general terms, alleged the wrongful and malicious cancellation of lease from defendants, as lessors, to plaintiff, as lessee and praying as a result thereof for damages (a) the amount of $550,000 for loss of profits, (b) the return of plaintiff's $10,000 deposit made by plaintiff to guarantee this performance, and (c) some $13,600 itemized expenses incurred by the plaintiff because of the alleged wrongful cancellation.

Plaintiff's second cause of action prays for punitive damages in the amount of $25,000 for the alleged wrongful, willful, wanton, malicious and fraudulent cancellation of lease by defendants.

Plaintiff's third cause of action prays for damages in the amount of $30,000 by reason of defendant's alleged violation of covenants in the lease in various respects including the furnishing of adequate heating and cooling facilities and by reason of defendants' interference with plaintiff's use of the leased premises.

Motions to dismiss were filed by defendants at the end of plaintiff's case and renewed at the close of the entire case.

The jury's verdict for the plaintiff was returned February 17, as follows: "$205,900.00 on his first cause of action, $5,100.00 on his second cause of action, and $5,000.00 on his third cause of action." On February 20, 1956, the court ordered the clerk to pay to the plaintiff the $10,000 deposit which had theretofore been placed with the clerk of the court by the defendants. This order was the result of an affirmative answer by the jury to a special interrogatory asking whether or not a demand was made by the plaintiff as a guaranty under the lease. The court denied all motions for a new trial but granted a motion for judgment notwithstanding the verdict as to the plaintiff's second cause of action for punitive damages, setting aside the verdict of the jury for punitive damages in the amount of $5,100.

Plaintiff subsequently filed an application for cross-appeal as to the court's action in sustaining defendant's motion for judgment notwithstanding the verdict on the plaintiff's second cause of action for punitive damages and the appeal was allowed and notice given.

On appeal the defendants contend that: there was no eviction of the plaintiff, either constructive or actual, from the Ice Arena;

there was no agency relationship between Watkins, the author of the letter cancelling the lease, and the defendant Bruskas; there was no agency relationship between the defendant Bruskas and the defendants Alexopoulas and Rueckhaus; the court erred in allowing evidence as to the profits during the last five weeks of wrestling in the Arena and evidence of the annual loss anticipated in the Armory based on the losses thus far sustained in promoting wrestling in that location; the court erred in giving Instruction No. 10 in that this instruction made it appear that punitive damages should be awarded in the event that compensatory damages were; the court erred in overruling the defendant's motion to dismiss the plaintiff's complaint and the motion for judgment notwithstanding the verdict. On cross-appeal the plaintiff in the court below alleges error in the granting of judgment notwithstanding the verdict as to his second cause of action for punitive damages and the setting aside of the award in the amount of $5,100 as returned by the jury.

Plaintiff (appellee), in this answer brief, points out that defendants (appellants) Alexopoulas and Rueckhaus have asked leave of the court to adopt defendant Bruskas' statement of the case, specified points and arguments in support thereof, and all points relied upon for reversal, arguments and authorities made, cited and contained in the brief of defendant Bruskas.

Plaintiff contends that there is no rule of this court which justifies such procedure.

While our rules do not specifically provide for such procedure, we feel the rules are somewhat flexible in their nature. In this case both parties defendant rely upon the same authorities and arguments. Nothing would be gained by having the Court read twice the same material. Due to the circumstances the procedure adopted will be allowed in this case.

For their first point on appeal, the defendants (appellants) contend that there is no evidence of any kind to prove a loss of profits or other damages on the part of the plaintiff, Mike London, who sued in his individual capacity. The evidence introduced by the plaintiff to prove the loss of profits and other damages was addressed exclusively to the loss of profits and other damages allegedly suffered by Mike London Sports, Inc., which corporation was not a party to this suit. The defendants contend there was a complete failure of proof to support the verdicts of the jury for damages.

In the court below the plaintiff (appellee), Mike London, brought suit in his own name, but the damage that he alleged was the loss of profit that was sustained by the corporation known as Mike London Sports, Inc. The defendants objected to that evidence on the ground that an individual can not show as evidence of damages a loss

which was sustained by a corporation even when that individual owned 98% of the corporation stock. 25 C.J.S. Damages § 17 p. 471; Giles v. Herzstein, 43 N.M. 518, 96 P.2d 289; International-Great Northern R. Co. v. Ragsdale, Tex.Civ.App., 11 S.W.2d 368; Prescott v. Robinson, 74 N.H. 460, 69 A. 522, 17 L.R.A.,N.S., 594; Christian College v. Hendley, 49 Cal. 347; Watson v. Commissioner of Internal Revenue, 2 Cir., 124 F.2d 437.

■ The elements of any cause of action are set forth in 1 Am.Jur. 417, § 20. Among them is the requirement that there be an injury or wrong to the plaintiff for which he may bring action to recover money damages or such other relief to which he may be entitled. Compensatory damages can only be recovered by the party to whom the injury was done. There can be no award of damages to a third party for a wrong done to the plaintiff. Olech, Damages to Persons and Property, 60, § 80.

· ■ A corporation and a stockholder, even though that stockholder be the owner of the vast majority of the stock, are separate entities. New Mexico recognizes the general rule that a corporation and a stockholder therein are separate entities. Hermosa Land & Cattle Co. v. State Trust & Savings Bank, 30 N.M. 566, 240 P. 469. The same case, however, holds that in a proper case equity would require the general rule to be discharged. This court again recognized the exception in Hogue v. Superior Utilities, 53 N.M. 452, 210 P.2d 938, and in Kutz Canyon Oil & Gas Co. v. Harr, 56 N.M. 358, 244 P.2d 522, but because of the facts present in those cases refused to apply the doctrine.

Here, plaintiff Mike London formed the corporation for the purpose of gaining favorable tax treatment and to limit his personal liability. The wrestling promotions were staged in the name of the corporation, but the most important asset of the operation, the lease, was retained in the individual's name. The corporate veil was used to protect London from possible liability incurred under the corporate name while the promotions were being engaged in. To allow the corporate veil to be lifted now, when the individual stockholder is the plaintiff, is unwarranted. There is no reason to invoke the equitable doctrine in this case.

■ In the instant case the plaintiff, who is an individual, can not be given an award of compensatory damages when it is based on losses sustained by a corporation—a separate entity. The court erred in allowing the loss of profit sustained by the corporation to be put in evidence to measure the damages to be awarded to the plaintiff. The plaintiff has introduced in evidence no proof of loss to him upon which any award could be based.

The judgment should be reversed and the case returned to the district court for such further proceedings as may be available in consideration of this holding.

The plaintiff under the circumstances was entitled to nominal damages only. The appellants will recover their costs on this appeal.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.

SADLER, J., not participating.

On Motion for Rehearing

PER CURIAM.

We granted oral argument on the motion for rehearing and have carefully reexamined our opinion, the contentions of the parties and the record.

We are convinced of the correctness of the opinion on the main issue of the right of the plaintiff to substantial damages for the breach of the rental contract between the parties, and reaffirm it.

We are also convinced the trial court was correct when it granted judgment notwithstanding that part of the verdict awarding the plaintiff $5,100 as punitive damages for the breach of the contract. The reason given in the order setting aside the verdict on that point was that there was no evidence to sustain it, and with this statement we fully agree.

The plaintiff was given judgment for interest on the $10,000 rental deposit from the time of the cancellation of the contract until the tender back of such sum. The defendant did not claim error because of such allowance, but due to the wording of the opinion we now make it clear that such allowance stands.

Except for such slight modification the motion for a rehearing is denied.

It is so ordered.

LUJAN, C. J., and McGHEE and COMPTON, JJ., concur.