CASE 40.—ACTION BY SPICEY BLANKENSHIP AGAINST THE BIG SANDY & CUMBERLAND RAILROAD COMPANY FOR DAMAGES FOR PERSONAL INJURIES.—April 21, 1909.

## Big Sandy R. R. Co. v. Blankenship

Appeal from Pike Circuit Court.

A. J. KIRK, Circuit Judge.

Judgment for plaintiff, defendant appeals.—Affirmed.

1. Carriers—Injuries to Passengers—Accidents to Trains—Collisions—Liability of Lessor.—A carrier is liable to a passenger for injuries sustained through the negligence of the lessee of a right to operate log trains over the road, though the collision was caused by the lessee's negligence.

2. Damages—Excessiveness—Injuries.—Where plaintiff suffered a miscarriage as the result of an injury due to defendant's actionable negligence, a verdict awarding her $500 was not

excessive, though her further claim that she had also sustained a displacement of the womb was not sustained by the evidence.

3. Damages—Personal Injuries—Elements of Damage—Loss of Unborn Child.—Where a carrier's negligent act inflicted bodily injury on plaintiff, a woman enceinte, whereby the child died and was caused to be prematurely born, plaintiff. though not entitled to damages for loss of the child, could recover for her own injury, including mental and physical suffering endured as a natural and proximate result of the injury to her person; she being entitled to bear her child in nature's way and time.

WELLS GOODYKOONTZ, A. E. AUXIER attorneys for appellant.

CITATIONS.

1. Negligence can be alleged in general terms. (Chiles v. Drake, 2 Met. 146; L. C. & R. R. Co. v. Case, 9 Bush, 728; but if petition specifies negligence complained of recovery can not be had for any other negligence. Thomas v. L. & N. R. R. Co., 18 R. 164; Chun v. K. & I. Bridge Co., 23 R. 1092; L. & N. R. R. Co. v. McGary's Adm'r., 104 Ky. 509.)

2. Peremptory instruction proper where proof shows accident or injury made have resulted from either of two causes, for only one of which defendant is liable. (L. & N. R. R. Co. v. McGary's Adm'r., 104 Ky., 509.)

3. Loss of child not a recoverable damage. (Tunnicliffe v. Bay Cities Consol. Railroad Co., 32 L. R. A. 142, and cases cited on page 144 Idem. Also Hawkins v. Front Street Cable R. Co., 16 L. R. A. 808.)

4. No recovery for impairment of health and suffering growing out of death and premature birth of the child of a pregnant woman by reason of injuries negligently inflicted, which would not have attended its birth at the usual time either dead or alive. (Hawkins v. Front Street Cable R. Co., 16 L. R. A. page 808.)

5. No recovery for fright unaccompanied with personal injury (Mitchell v. Rochester Ry. Co., 34 L. R. A. 781; Morse v. C. & O. Ry. Co., 77 S. W. 361.)

6. Miscarriage could not be anticipated and too remote and not proximate result of appellant's negligence. (34 L. R. A. 783.)

P. B. STRATTON, W. A. DOUGHERTY, ROSCOE VANOVER attorneys for appellees.

CITATIONS.

(Stokes v. Saltonstall, 13 Peters 181; Baltimore & Ohio S. W. R. R. Co v. Hausman, 21 Ky. L. R. 1264; Thompson on Negligence, Vol. 3, Section 3385, page 786; Peoria, &c., R. R. Co. v. Lane, 83 Illinois 488; Lesher v. Wabash Nav. Co., 14 Ill. 85; Hinde v. Wabash Nav. Co., 15 Ill. 72; Chicago, &c R. Co. v. McCarthy, 20 Ill. 385; Ohio, &c., R. Co. v. Dunbar, 20 Ill. 623; Sidders v. Riley, 22 Ill. 109; Illinois, &c., R. v. Kanouse, 39 Ill. 272; Toledo, &c., R. Co. v. Rumbold, Ill. 143; Va. Century R. R. Co. v. Saw-

yer, 15 Gratt, 237; Hutchinson Common Carrier 524; Sherman and Redfield on Negligence, Section 448; Flahiff v. L. & N. R. R. Co., 9 Ky. L. R. 398.)

OPINION OF THE COURT BY JUDGE O'REAR.—Affirming.

Appellant is a common carrier, operating a railroad extending through Pike county, Ky. Appellee was a passenger on a train on appellant's road, and claims to have sustained injuries in a collision between its train and a log train being operated on the same road by a lessee or licensee of appellant. It was the same collision under consideration in the appeal of this appellant against Harriett Blankenship (this day decided) 118 S. W. 315. It was there held that appellant was liable for the negligence of the lessee where injury was thereby inflicted upon appellant's passenger. The additional questions presented in this case are: Did appellee receive the injuries for which she sues as the result of that collision, and did the trial court correctly submit to the jury elements of her injury for which the law allows a recovery?

Appellee claims that she was enceinte, being about four months advanced with child; that in the collision she was thrown upon her side and bruised and stunned, so that she was made sick and caused to abort. The evidence on her behalf was that in the collision she was thrown violently upon her side, causing her great pain, following the temporary stunning; that within a half hour afterward her mensturation reappeared, and for the first time since she had conceived, and that that evening she had violent pains in her abdomen, which she describes as "bearing down pains;" that these pains continued intermittently for some days, when she consulted a midwife

with reference to them.  Acting upon her advice, she remained as quiet as she could, hoping that the trouble was merely threatened and would pass; but it continued for a week or so, becoming worse, when she was delivered of a child stillborn.  She claims, also, that she continued to suffer from the effects of the injury by reason of a displacement of her womb, and had not finally recovered from the effects at the time of the trial.  It may be that the latter claim was not supported by the evidence, and was, in fact, shown not to be true.  But what view the jury took of that particular feature of the case we can not tell, nor does it appear to be material now, as there was clearly enough in the case to sustain the very modest verdict returned in appellee's behalf—$500.

The trial court, in instructing the jury, after defining care and negligence, gave this as the law of the case: ''If the jury should believe and find from the evidence that, while the plaintiff was a passenger upon defendant's train, the defendant company, by its agents or servants in control of said train, knew, or by the exercise of ordinary care could have known, that the log train of the Hurricane Lumber Company was upon its tracks, and ran its passenger train into and collided with said log train, and that by reason of said collision the plaintiff sustained any injury causing plaintiff to miscarry or give premature birth to her child, or caused plaintiff womb trouble, they will find for the plaintiff such sum in damages as they may believe from the evidence she has sustained, so the sum so found, if anything, does not exceed $10.000, and, if the jury should not so believe and find, they will find for the defendant.  If the jury should find for the plaintiff, they will only take into considera-

tion in estimating the damages the mental and physi·
cal suffering, if any, and the permanent reduction in
plaintiff's power to earn money, if any, caused by
said injuries." Appellant insists that "there is lit-
tle doubt that the jury awarded this verdict against
appellant, not because of believing her health was to
any extent impaired by reason of this miscarriage,
but for the loss of the child." Tunnicliff v. Bay Cities
Consolidated R. R. Co., 102 Mich. 624, 61 N. W. 11, 32
L. R. A. 142, and Hawkins v. Front Street Cable R.
Co., 3 Wash 592, 28 Pac. 1021, 16 L. R. A. 808, 28 Am.
St. Rep. 72, are cited as holding that a recovery by
the mother against one negligently causing the death
of the child in her womb and its premature birth is
not allowed. The question decided in the first-named
case was that the loss of the society and prospective
earnings of the child is not a proper element of dam-
ages in an action by a married woman for injuries
which resulted in a miscarriage. The trial court in
that case had charged the jury that, "if the plain-
tiff had lost a child by reason of the liability of the
defendant in this case, you may give damages for it.
The society, enjoyment, and prospective services of
the child is a recognized element in that regard, and
you may give what it is reasonably worth." In com-
menting upon that charge the Supreme Court of
Michigan wrote: "This charge was clearly erroneous.
There was, of course, no proof in the case as to the
prospective earnings of the child, even if the mother
would be the proper person to recover for such a
loss. Nor would the loss of the child's society be a
proper element of damages. While the jury is al-
lowed to consider the case with all its facts, and to
take into account, for the purpose of compensation,

not only the physical pain, but also mental suffering, in determining the award of damages, and while of necessity this involves to some extent the considera-tion of the nature of the injury, and can not exclude from the consideration of the jury the fact that the physical and mental suffering of the mother by rea-son of such an injury would be more intense than in the case of the ordinary fracture of a limb, yet be-yond this it would not be competent for the jury to go, and to attempt to compensate for sorrow and grieving of the mother." That court did allow a re-covery for the injury done the plaintiff, and its con-sequences in causing her to abort her child, including the physical and mental suffering she endured in the travail which was the result of the injury. What was denied was that element of mental distress which is characterized as sentimental, and which followed after, or may have followed after, the physical pain caused by the injury, had subsided. This is shown by the quotation by the court with approval of this excerpt from the opinion in Vovee v. Danville, 53 Vt. 183: "If the violence done her person results in the miscarriage, the miscarriage was the legitimate result of such negligence. Any physical or mental suffering attending the miscar-riage is a part of it, and a proper subject for compen-sation. But the rule goes no further. Any injured feelings following the miscarriage, not part of the pain naturally attending it, are too remote to be con-sidered an element of damage. If the plaintiff la-mented the loss of her offspring, such grief involves too much an element of sentiment to be left to the conjecture and caprice of a jury. If, like Rachel, she wept for her children, and would not be conforted,

a question of continuing damages is presented, too delicate to be weighed by any scales the law has yet invented.'' In the case at bar the instruction of the trial court did not allow a recovery for any sentimental suffering not involved in, and attendant upon, the physical pain endured by the plaintiff and accompanying the injury, and the miscarriage caused by it. While it may be true that no scales have yet been invented by the law for weighing purely sentimental grief, it is also true that none are known to the law which separates mental suffering caused by physical injury into its various elements and apportions some as actionable and others as nonactionable. Distress of mind caused by and accompanying a physical injury is an element of damage which the law compensates. It is no more true that all minds do not suffer alike than that all bodies are not equally susceptible to pain. While physiologically all pain may be said to be mental as the law uses the term, it is recognized that pain is physical when a nerve is impinged. But there is always some mental pain. The latter grows out of the former, is produced by it, and is the former extended as a physiological consequence. It would be as impossible in speculation as in fact to say how much of the mental suffering was the co-operation of the nerves of the brain with those of the body, and how much was psychological. Hence the law attempts no separation, but allows a recovery for all the suffering, both bodily and mental, which is the direct result of and accompanies a physical injury. If the injury inflicted is continuing or develops in stages, as from a fracture to septicaemia, and thence amputation, it is deemed one injury, and all pain caused by and accompanying it throughout its several stages

is an element of the damages which may be recovered. So if a bodily injury is inflicted upon a pregnant woman, which directly or in natural consequence results in a miscarriage, the latter event is deemed a part of the original injury.

The other case cited and relied upon by appellant (Hawkins v. Front St. Cable Co.) goes further than we understand the authorities to justify, and further than we are willing to follow. It was there held that proof that an unborn child died and was prematurely delivered because of negligent injuries to its mother is not sufficient to establish her right to recover substantial damages for the injury. The court held that if the plaintiff showed "impairment of health and suffering growing out of the death and premature birth of her child, which would not have attended its birth at the usual time, either alive or dead, and also that the child's death is attributable to a negligent injury which she received," she could recover for her suffering and impaired health. "But," the court added, "she must show the injury by appropriate evidence, and the mere proof that the child died, and was prematurely delivered, as a result of the accident, would not be sufficient to presume substantial damage therefrom." The reasoning of the Washington Supreme Court is that the pregnant woman must in time have delivered the child, and that as the pain of the birth was inevitable that it was prematurely brought about could not alone be actionable; that, in order to allow the woman to recover for the miscarriage caused her, she must have suffered pain, or ill health, which would not have followed at the usual time of the birth of the child dead or alive. Whether the pain of childbirth is greater in the one instance

than in the other is not shown. Whether the mother would have suffered more pain at a subsequent time or whether her health would then have been impaired we fail to see how it could have been shown. But it is our opinion of the law that the woman has the right to bear her child in nature's way and time. When by negligent violence to her person she is caused to give it premature birth, whether it be dead or alive, or whether the pain attending its birth be greater or less than at the ordinary season, she is damaged. She is made to suffer physically and mentally at a time when she otherwise would not have to suffer. The great function of her sex has been interfered with. We all know that nature penalizes heavily infractions of its laws on this score. Such an event can not be unimportant to the woman either as it affects her body or her mental equilibrium. If one enters my house tortiously and disturbs my peace, the law gives compensation. If by noises, odors or unslightly objects he tortiously interferes with my free enjoyment of my premises, he is liable to me. If he negligently causes my cow to abort her calf, he is liable for the injury to the cow and the loss of the calf. 1 Thompson on Negligence, Sec. 156. If, then, he negligently injures the body of a woman, disturbing and deranging nature's functions so that the fetus of her child is destroyed, and she caused to abort it, why may not she have legal complaint against the wrongdoer for her bodily suffering, and her mental suffering accompanying and growing out of it? If in the collision she had had a tooth knocked out, there would be no doubt of her right of action, although had she lived she would have lost the tooth in every probability; and maybe have suffered as much or more pain

from it and in having it pulled than she experienced in having it knocked out by the defendant's negligence.

We hold that a negligent act, inflicting bodily injury upon the plaintiff, a woman enceinte, whereby her child dies and is caused to be born prematurely, gives the woman the right of actión against the wrongdoer for her injury, including the mental and physical suffering endured as a natural and proximate result of the injury to her person. That is as far as the instructions in this case allowed the jury to go, and is the only feature of that question presented for. our review. There was evidence to take thé case to the jury and to support its finding.

Judgment affirmed.

Petition for rehearing by appellant overruled.